## JNO. W. LANCASHIRE, WM. H. MOREHEAD and MELVIN LOWERY v. ALEXANDER MASON.

Rent and fealty are incident to the reversion, and the assignee of the reversion is entitled to the rent accruing after the assignment: *Therefore,* where A made a lease to B of certain lands, and afterwards, before the rent was due, the land was bought by C at a sheriff's sale under execution against A, and after the sale to C, A brought an action against B to eject him from the land and also for the rent: *Held,* that B was not estopped from setting up the title of C in defence of such action.

And that upon issue joined in such action it was error to exclude evidence of such sale to C by the sheriff, and sheriff's deed to him for the land.

When a lessor assigns his reversion he has no more interest or concern in the lease than the payee of a promissory note, after he has endorsed it to another.

SUMMARY PROCEEDINGS in *Ejectment,* commenced in Magistrate's Court; taken by appeal to Superior Court by defendant, and tried by BUXTON, J., at Spring Term, 1874, of CUMBERLAND Superior Court.

The following statement of the case is sufficient to present the points decided by the Court. There were other points raised in the case, but as a *venire de novo* was ordered for error in the Court below in excluding evidence, they are not touched upon in the opinion.

Jno. W. Lancashire, stating that he sued for himself and his co-plaintiffs, made affidavit before a Magistrate, September 14th, 1870, that the defendant entered upon the land,

in dispute under a lease from plaintiffs, and that his term expired on the 1st of January, 1869; that plaintiff's estate in the land was still subsisting; that defendant held over after expiration of his term, although possession had been demanded by plaintiffs. The plaintiffs demanded judgment for a possession and sixty dollars as rent from January 1st, 1868, to January 1st, 1869, and also two hundred dollars damages for the occupation of the premises from January, 1st, 1869, to the commencement of this proceeding.

The defendant filed an answer in the Magistrate's Court, denying that plaintiff's estate was still subsisting, but alleged, that at the time the rent for which the plaintiffs sued, fell due, the land described in plaintiff's affidavit was, and at the time of his answering, still continued to be, the land and freehold of J. W. Hinsdale, Hinsdale having bought it at a sale, by the sheriff, under executions issued against the plaintiff, Lancashire, and others, and stating further, that the title to the land would come in question in the proceeding. There was a trial before the Magistrate, who gave judgment that defendant be removed from and plaintiff put in possession of the land, and that Phillips recover $113.83 for rent, with costs, from which defendant appealed to the Superior Court.

On the trial in the Superior Court, J. W. Lancashire, one of the plaintiffs, testified that he leased the land to defendant at $60 for the year, commencing January 1st, 1868, and ending January 1st, 1869; that he put the defendant in possession January 1st, 1867, but the rent was to commence in 1868; that defendant remained in possession three or four years, and that the land had been conveyed to plaintiffs for partnership purposes.

The defendant testified that he entered on the land in August, 1868, under a lease from plaintiff Lancashire, the terms being that he was to pay $60.00 as rent for 1869; that he paid part of the rent for the year 1869, and re-

mained in possession of the land until January, 1870, or 1871.

Defendant's counsel then proposed to offer in evidence the record of a judgment and execution in the Superior Court of Cumberland, in the case of *Dibble, Worth & Co.* v. *J. W. Lancashire;* also a sheriff's sale to J. W. Hinsdale, of the land in question, May 17th, 1869, and sheriff's deed to J. W. Hinsdale, dated April 30th, 1871. Upon objection by plaintiffs, the evidence was excluded by his Honor, and defendant excepted. Defendant's counsel then proposed to offer in evidence a record of a judgment and execution in same Court in case of *R. & J. C. McCaskill* v. *J. W. Lancashire,* surviving partner of J. W. Lancashire & Co., the firm of J. W. L. & Co. having been composed of same persons as the firm of Lancashire, Morehead & Lowery; also a sale under the execution issued in said case on April 3d, 1871, and sheriff's deed to the purchaser, J. W. Hinsdale, dated April 20th, 1871.

This was also rejected by his Honor, and defendant excepted.

There was more evidence introduced by both, sides tending to show the value of the rent of the land and amount of damage done by defendant to the land during his occupation.

It was admitted of record by both sides that Morehead & Lowery, plaintiffs, died before this suit was commenced.

After the close of the evidence defendant's counsel objected to the count, that the plaintiff could not recover possession of the land because of a defect of parties, insisting that plaintiff Lancashire could not recover as surviving partner alone, but the heirs at law of the deceased co-partners should be joined as plaintiffs.

His Honor was of opinion that inasmuch as defendant had obtained possession for a stipulated period from plain-

tiff Lancashire, he was estopped from objecting to restitution of the possession after his term had expired. Defendant excepted.

The jury returned a verdict in favor of plaintiff for $110 as damages. Judgment was rendered accordingly. Defendant appealed.

C. W. Broadfoot, for plaintiff.
J. W. Hinsdale, for defendant.

PEARSON, C. J. In rejecting the evidence of a sheriff's sale of the plaintiff's estate and deed to Hinsdale, the learned Judge made a wrong application of the principle by which a lessee is not allowed to deny the title of the lessor as long as the relation of lessor and lessee continues, and as long as the lessee holds the possession which he acquired by means of the lease.

This principle is based on the necessity of enforcing honesty and fair dealing, and is one of many instances of the doctrine of estoppel by which a "man's mouth is shut" and he is not allowed to deny a matter he has in a solemn manner admitted. By accepting the lease and taking possession under it, the defendant in a solemn manner admitted that the plaintiff had title to the land at the time, and is estopped from denying that to be a fact.

Suppose, however, the lessor assigns his reversion. It is familiar learning that fealty and rent are incident to the reversion and passes with it, and by a grant of the reversion the assignee is substituted in place of the lessor, and the rent accruing thereafter is to be paid to him; after the assignment the lessor has no more interest or concern in the matter than the payee of a promissory note after he has endorsed it. This is so clear on the reason of the thing, that I have not taken the trouble to read over the many cases cited

LANCASHIRE, MOREHEAD and LOWERY *v.* MASON.

in the brief of the defendant's counsel, especially as plaintiffs' counsel cited no case contra.

Our case is narrowed to this : Has a sale by the sheriff under execution, and his deed the same legal effect in passing the reversion as the deed of the lessor would have had ?

No reason for making a distinction was suggested on the argument by the plaintiff's counsel, and we are unable to imagine one. The assignee of the reversion is entitled to the rent which had not accrued at the date of the assignment. Hinsdale was the assignee before the rent fell due, and was entitled to it at the end of the year, it being a yearly rent. If the plaintiff can exclude this evidence by force of the doctrine of estoppel, and make the defendant pay the rent to him, and if Hinsdale as assignee can make the defendant pay the rent to him, then the defendant is under a legal liability to pay a double rent; *reductio ad absurdum.*"

Error.

PER CURIAM.                                    *Venire de novo.*