Carson v. Crigler.

3 Bradwell, 398; Bloomington v. Brokaw, 77 Ill. 194; Chicago v. Halsey, 25 Ill. 598; City of Olney v. Harvey, 50 Ill. 433.

Mr. F. W. BURTON for defendant in error.

---

# SARAH CARSON ET AL.
## v.
# JOHN M. CRIGLER.

1. LANDLORD AND TENANT—DENIAL OF TITLE.—Although a tenant cannot dispute the title of his landlord, yet in a suit for rent he may show that he has acquired the title of his lands by conveyance to him, and it makes no difference whether the conveyance is directly from the landlord, or from a trustee duly authorized to sell and convey the title by a former owner, provided the same is a lien prior to the rights of the landlord.

2. PURCHASE BY TENANT UNDER PRIOR TITLE.—A tenant, when sued for rent, may show a title acquired by purchase at a trustee's sale under an incumbrance prior to the title of his landlord. In such case the tenant does not dispute the landlord's title, but recognizes and holds under it, and having acquired it, he becomes entitled to rents accruing after the execution of the deed.

3. ACCRUING RENT PASSES WITH THE DEED.—The landlord is entitled to rent accrued before the execution of the deed, but accruing rent not then matured passes with the title and vests in the purchaser.

4. JUDGMENT IN FORCIBLE DETAINER NO BAR TO CLAIM FOR RENT.—The judgment against appellant in the action of forcible detainer determined only the right of possession; it was not an adjudication against her right to the rent claimed as purchaser under her deed.

APPEAL from the County Court of McLean county; the Hon. R. M. BENJAMIN, Judge, presiding.   Opinion filed October 19, 1881.

Mr. WM. E. HUGHES, for appellant; that a tenant, when sued for rent, can set up the extinguishment of the landlord's title, cited Higgins v. Tanner, 61 Mo. 249; Ryder v. Mansel, 66 Me. 167; Lancashire v. Mason, 75 N. C. 455.

Title cannot be inquired into in an action for forcible detainer: Johnson v. Baker, 38 Ill. 99.

Mr. B. D. LUCAS, for appellee; that all questions that were or could have been properly litigated in the forcible detainer suit are now *res adjudicata*, cited Freeman on Judgments, § 249; Baker v. Palmer, 83 Ill. 598; Stemple v. Thomas, 89 Ill. 146.

HIGBEE, P. J.   One Edward Yenkers was the tenant of John W. Kidwell, and during his tenancy appellant Sarah Carson, by collusion with said tenant, entered into possession of the leased premises.

Forcible detainer was brought by John W. Kidwell, and a judgment rendered against Mrs. Carson in the McLean Circuit Court, from which she appealed to the Appellate Court, where the judgment was affirmed.   This suit was then commenced against her and her securities, to recover rent upon the condition of the appeal bond requiring Mrs. Carson to pay all rent which had accrued or might accrue during the pendency of said suit.   The defense relied upon was that appellant had tendered to appellee all rent that had accrued prior to the 4th day of August, 1879; and that said tender had been kept good by depositing the money with the clerk of said court; and that on that day Mrs. Carson became the owner in fee of said premises and of the title of the said John W. Kidwell thereto by purchase and conveyance, from a trustee duly authorized to make said sale and conveyance under and by virtue of a deed of trust executed by a former owner of said premises, and which was a lien thereon prior to the rights of said Kidwell.

The defense was held insufficient, and a judgment rendered against Mrs. Carson for the rent of the whole time she had occupied the premises, both before and after she had acquired her title thereto.

It is a familiar principle of law that the tenant connot dispute the title of his landlord under which he entered, but in a suit for rent he may show that he acquired it by conveyance, and it makes no difference whether the conveyance is directly from his landlord or from a trustee duly authorized to sell and convey the title by a former owner, provided the same is a prior lien to the rights of the landlord.

In such a case the tenant does not dispute the landlord's title, but recognizes and holds under it; and having acquired it, becomes entitled to all rents accruing after the execution of the deed.

So far as rents had accrued before the execution of the deed, the landlord was undoubtedly entitled to receive them; but accruing rent not then matured passed with the title and vested in Mrs. Carson, grantee in the deed, and appellee was not entitled to recover a judgment against her for the same. Higgins v. Tanner, 61 Mo. 249 ; Ryder v. Mansel, 66 Maine, 167; Lancashire et al. v. Mason, 75 N. C. 455.

It is contended by appellee that the judgment rendered against Mrs. Carson in the forcible detainer suit is an adjudication against her right to the rent she now claims as purchaser under her deed.

In the forcible detainer suit the only question determined was the right of possession to the premises at the time that suit was brought.

Neither the title to the land nor the right to the rents for its use were in issue or could have been determined in that cause.   Brooks v. Bruyn, 18 Ill. 539;  Shoudy v. School Directors, 32 Ill. 290; Johnson v. Baker, 38 Ill. 99.

Again, that suit was commenced more than two months before Mrs. Carson bought the premises, or received her deed therefor, while the rents she now claims accrued to her as owner after the execution of the deed.

It is not essential that the identity of the subject-matter of

the two suits should be the same in all respects. Yet to make the former adjudication conclusive the question to be determined in the second action must be the same identical question judicially settled in the former suit. The question at issue in this suit was not judicially determined by the former adjudication, and therefore the judgment in that cause is not a bar to appellant's rights in this. Judgment reversed and cause remanded.

Reversed.