## John Epley et al.

### v.

## Daniel P. Eubanks, use, etc.

1. Rent as between mortgagor and mortgagee after title passes.—As between mortgagor and mortgagee or his assignee, rent that accrues after the time for redemption expires, and master's deed, passes to the mortgagee or his assignee. The fact that the rent was to be paid in a portion of the crop raised, and at the expiration of the time of redemption was severed from the soil (but not due and payable) can make no difference.

2. Judgment in excess of ad damnum.—It is error to render judgment for a greater amount than is claimed by the plaintiff, but such error may be cured by entering a remittitur in the appellate court.

Appeal from the Circuit court of White county; the Hon. C. S. Conger, Judge, presiding. Opinion filed September 29, 1882.

Mr. P. A. Pearce and Mr. A. Bleakley, for appellants; that accruing rent passes to the heirs, cited Green v. Massie, 13 Ill. 363; Crosby v. Loup, 13 Ill. 625; Foltz v. Prouse, 17 Ill. 487; Dixon v. Nichols, 39 Ill. 372.

Mr. John M. Crebs, for appellee; that neither the mortgagee nor those claiming under him can proceed against the tenant of the mortgagor for rent, cited Ballantine v. McDowell, 2 Scam. 28; Fisher v. Deering, 60 Ill. 114; Woods, Landlord and Tenant, 190; Jones on Mortgages, § 772.

Growing crops are personal property, and when matured do not pass with the land: Reed v. Johnson, 14 Ill. 257; Powell v. Rice, 41 Ill. 466; Browne on Statute of Frauds, § 250.

The mortgagee acquired no rights to crops that had matured before he received his deed: Hart v. Wingart, 83 Ill. 282; Bowman v. The People, 82 Ill. 246; Johnson, v. Camp, 51 Ill. 219.

A remittitur in this court will cure the error of an excess in the judgment: Linden v. Monroe, 33 Ill. 388; Gillell v. Stone, 1 Scam. 539; Cheney v. City Nat. Bk. 77 Ill. 562; Pixley v. Boynton, 79 Ill. 351; Welsh v. Johnson, 76 Ill. 295; Rev. Stat. Chap. 110, § 82.

BAKER, P. J. The sole question at issue in this case is as to the ownership of 2,200 bushels of rent corn. In the spring of 1879, George M. Warring was the owner in fee of 160 acres of land in White county. He had held this land subject to a mortgage; this mortgage had been foreclosed by a decree to which he was a party; it had been sold under the decree in August, 1878, and bought in by one Parker, who held a certificate of purchase; and Warring's statutory right of redemption would expire on the 10th of August, 1879, and the right of redemption given to judgment creditors would terminate on the 10th day of November, 1879. Under these circumstances, Warring rented for the crop year of 1879, and until the 1st of March, 1880, 100 acres of the land to John Moore, and fifty acres to William Coker. The agreements were, respectively, that Moore and Coker were to pay as rent for said lands, sixteen bushels of corn per acre, the same to be shelled, sacked and delivered on the bank of the Big Wabash river; the rents to become due and payable when the tenants respectively saw fit to sell their corn. The lands not having been redeemed, the sale under the decree of foreclosure culminated on the 13th day of November, 1879, in a deed to Parker, from the master in chancery, for the premises; and on the next day Parker served a written notice and demand on Moore and Coker, demanding the rents and notifying them not to pay the same to Warring. On the 11th day of December, 1879, Parker conveyed the lands by deed to John Epley, who afterward made demand for the rent corn upon Moore and Coker; and the real controversy in this suit is between said Epley and Warring as to the ownership of said rent corn. The evidence shows that the corn crops of Moore and Coker were fully matured by the middle of October, 1879; that they commenced to gather the same the latter part of October or first of November; that it was all gathered by the 17th day of November, was sold the last of January or first of February, 1880, and was shelled and sacked by them during said month of February. Accruing rents descend to the heirs as a part of the inheritance, and do not go to the executor or administrator. Green v. Massie, 13

Ill. 363; Foltz v. Prouse, 17 Ill. 487. It was held, in the case of Crosby v. Loop, 13 Ill. 625, that if a lessor makes an unqualified grant of the premises out of which the rent issues, then the rent passes to the grantee as incident to the reversion; and that the latter has all the remedies to enforce the payment of the rent which the lessor had. So, also, it was held in Dixon v. Niccolls, 39 Ill. 372, that if a person sells leased or rented land, and makes no reservation of rent, and conveys the fee, the accruing rent goes to the grantee of the fee. In that case the rent was payable in a part of the crop, which was not only matured but severed from the freehold at the time the fee was conveyed. These were cases of voluntary conveyances by the landlord, but the acquisition of title under a judgment or decree against the lessor is, in substance, the same thing as if it had been conveyed directly and absolutely by deed. Although the transfer of the fee is indirect and by operation of law from the lessor, yet it comes through his act and consent, or his neglect, and is therefore the same in legal effect as if he had granted or devised the reversion: Nellis v. Lathrop, 22 Wend. 121; Higgins v. Turner, 61 Mo. 249. It was decided in Lancashire et al. v. Mason, 75 N. C. 455; that a sale by the sheriff under execution and his deed have the same legal effect in passing the reversion that the deed of the lessor would have had, and that if the assignment was before the rent fell due, then the rent would go to such assignee of the reversion. The citation of appellee to Woods on Landlord and Tenant, p. 190, would seem to have application only to cases where the relation of mortgagor and mortgagee was still existing and the mortgagee was claiming rents upon a lease executed by the mortgagor after the mortgage became a lien upon the estate; and not to cases where the mortgage, as such, has ceased to exist and has culminated in a complete divesture of title before the rents fall due. Even if the case of Fisher v. Deering, 60 Ill. 114, would otherwise be pertinent to the suit at bar, yet its effect is obviated by the fourteenth section of the act of 1873 to revise the law in relation to landlord and tenant. The rents in this case were not due until after the execution of the

deed to Parker, and after Parker had conveyed to Epley.    The accruing rent was a chattel real and passed to Parker by the deed to him, and subsequently passed to Epley by the deed from Parker.    The fact of the maturity of the corn at the date of the master's deed, and that it was gathered and sev-ered from the freehold before the conveyance to Epley, can make no material difference: Dixon v. Niccolls, *supra*.    Had Warring himself remained in possession' and raised the crop, and it had matured before the time for redemption had ex-pired, a different question would have been presented; but the sixteen bushels of corn per acre was expressly reserved *as rent*, and as rent it passed with the reversion to Epley. We are of opinion the finding of the circuit court, which was in favor of the title of Warring to the rent corn, was against the law and the evidence.    It was also error to enter judgment for $1,125, damages, when the amount claimed by the declaration was only $1,000; but were this the only error in the record it could be readily cured by the entry here of the proffered remittitur.    The judgment is reversed and the cause remanded.