· Ernst Disselhorst

v.

John P. Cadogan and Matilda Cadogan.

*Landlord and Tenant—Conveyance of Reversion Passes Rent—Partition Sale.*

1. An unqualified conveyance of demised premises, whether by operation of law or otherwise, passes the rent thereafter to accrue.

2. In the case presented it is *Held:* That a sale of demised premises by a special commissioner in partition proceedings, under an order merely reserving the rights of the lessee, passed the rent thereafter accruing; and that the statement in the commissioner's deed, that the purchaser was not to have possession until the termination of the lease, was unauthorized and of no effect.

[Opinion filed August 26, 1886.]

Appeal from the Circuit Court of Adams County ; the Hon. William Marsh, Judge, presiding.

Messrs. Charles M. Gilmer and William L. Gross, for appellant.

Messrs. Emmons & Wells, for appellees.

Pleasants, J.   On September 3, 1878, appellees and Elizabeth Hulse made a lease in writing to appellant of 240 acres in Adams County, for one year from March 1, 1879, at $700, payable, one half on November 1, 1879, and the residue on March 1, 1880, under which he occupied during the term mentioned, and afterward under verbal renewals from year to year until March 1, 1884.

These lessors were some of the heirs of William Cadogan, who died seized of the demised premises and before the execution of the original lease.   Appellant paid them the rent regularly until the death of Elizabeth Hulse, in March, 1883, and to appellees the installment due in November next following.

In the meantime, under proceedings in the Circuit Court of said county for the partition of said premises, the same were sold July 28th and deed therefor executed October 22, 1883, by the special commissioner to Henry Glaser, and to him appellant paid the installment due March 1, 1884, notwithstanding he had notice that appellees claimed it. Upon his refusal to pay it to them this suit was brought. The declaration was in debt on a parol *demise* with an *indebitatus* count for use and occupation. Pleas, *nil debet* and no rent in arrear. Trial by court without a jury on record evidence and stipulation filed, finding and judgment for plaintiffs, exception and appeal by defendant.

No question is made of the regularity of the partition proceedings, or of the sufficiency of the commissioner's deed to convey the title to Glaser. Appellant, however, was not made a party, nor did he in any way appear.

It is elementary law that rent is an incident of the reversion. An unqualified grant of the demised premises passes the rent thereafter accruing. Crosby v. Loop, 13 Ill. 625; Dixon v. Niccolls, 39 Ill. 372; Hardin v. Forsythe, 99 Ill. 312; Epley v. Eubanks, 11 Ill. App. 272. A conveyance by operation of law, or under a trust deed or power of sale in a mortgage, or by a Master or Sheriff under a decree or execution that is valid against the lessor, will be as efficacious as a deed from him directly. Whatever unqualifiedly passes his reversion will pass the rent thereafter accruing. Carson v. Crigler, 9 Ill. App. 83; Epley v. Eubanks, 11 Ill. App. 272.

They may be severed, however, as by a grant of the land reserving the rent, or an assignment of the rent retaining the reversion. And the claim of appellees here is that the sale and deed to Glaser were not unqualified; that the rent to March 1, 1884, was reserved.

This rests upon the fact that at the sale the special commissioner publicly announced that the premises were occupied under a lease running to that day, and the following statement with which his deed concludes: " It being understood that the said party of the second part takes said premises subject to a lease upon the same, and that he is not to have possession of said premises until March 1, 1884."

The commissioner had only a naked power to execute strictly the order of the court, and could impose no terms or conditions nor make any reservation or limitation not required by that order or by the law.  Bishop v. O'Connor, 69 Ill. 431. The order required him to sell all the interest of the owners in the premises but not that of the tenant.  He was not before the court nor subject to the decree.  His right to the possession until March 1, 1884, could not be disturbed.  It was fair to those who might purchase the lessors' interest to inform them of this right.  This was the possession, which the purchaser was not to have until that day.  But neither the possession nor right of possession of the lessors was withheld or reserved.  All they had was ordered to be sold, was advertised to be sold, and was sold—all "their right, title, interest, claim and demand."  This was sold, according to the notice advertised, "subject to the interest of the tenant on the lands," but to none of the lessors.

It was therefore an absolute, unqualified sale and conveyance of their reversion to Glaser, and passed to him the subsequent rent.

The judgment of the Circuit Court must therefore be reversed and the cause remanded.

*Reversed and remanded.*