## Campbell & Oakman v. W. H. McFarland.

1.  FORCIBLE ENTRY AND DETAINER—*Proof of Service and Notice.*— The service of the notice in suits of forcible entry and detainer may be proved by parol.

2.  SAME—*What is Sufficient Proof of Notice.*—Where the plaintiff, in an action of forcible entry and detainer, delivered to the sheriff of the county for service, a notice to surrender possession, which was on the same day handed to a deputy, who testified that he delivered a copy to the defendants, and the testimony of the plaintiffs fixed the date and identified the copy of a notice produced upon the trial as a true copy of the one handed to the deputy, it was held that the evidence that such a notice was served was sufficient.

Forcible Entry and Detainer.—Appeal from the Circuit Court of De Witt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1899.  Affirmed.  Opinion filed December 13, 1899.

MOORE, WARNER & LEMON, attorneys for appellants.

WILLIAM BOOTH, attorney for appellee.

MR. JUSTICE HARKER delivered the opinion of the court. This is an action of forcibly entry and detainer com-

menced by appellee to recover possession of a business house and lot in the city of Clinton. The case was tried by the court without a jury and judgment rendered in favor of appellee. A reversal is sought because of insufficiency of notice to surrender possession and because of a judgment rendered against appellee in a former suit against appellants to recover possession of the same property.

Appellee leased the property to Lewis Campbell and Wm. C. Campbell, doing business as the "Campbell Furniture Company," at a yearly rental of $650, lease to expire November 1, 1896. The lease was not renewed at the date of its expiration, but the Campbells continued in possession until May, 1898, when Lewis Campbell sold his interest in the furniture business to appellant, Clem Oakman. The new firm continued in possession and business under the firm name of Campbell & Oakman. On the 29th of August, 1898, appellee delivered to the sheriff of the county for service upon appellants, a notice to surrender possession on the 1st of November, 1898. The notice was on the same day handed to a deputy, who testified that he delivered a copy to each of appellants on the same evening and made a return on the notice which he lodged in the sheriff's office. When the case came on for trial, a new sheriff had been elected, and the notice with the return indorsed had been mislaid and could not be produced. In his testimony, the deputy could not state the contents of the notice nor give the date of its service; but he testified that he served it on the same day that it was handed to him, and the testimony of appellee fixed that date as the 29th of August, and identified the copy of a notice produced upon the trial as a true copy of the one handed to the deputy. The notice which the law requires in this kind of a case is the sixty day notice provided by section 5 of the Landlord and Tenant Act, Hurd's Revised Statutes, 1022. The evidence is sufficient that such a notice was served.

The judgment, which, it is claimed, was a bar to this action, was rendered in the County Court in a suit commenced before a justice of the peace and carried to that court on appeal.

It could not be successfully interposed in bar of this action unless it appeared that it was a suit commenced upon a sixty days notice and the issues were the same as here. That it was, does not appear from the evidence. From what does appear, that suit was commenced on the thirty days notice provided by section 6 of the act mentioned.

The trial court took the same view of the case that we do, and therefore properly refused the tendered propositions of law. Judgment affirmed.