UNION DRAINAGE DISTRICT NO. 3 OF THE TOWNS OF BOW-
DRE AND ARCOLA *et al.* Appellees, *vs.* JOHN ULLRICH,
Appellant.

*Opinion filed April 20, 1916.*

1. NAMES—*when names must be presumed to refer to one per-.
son.* In the absence of any evidence upon the subject, it must be
conclusively presumed, on appeal, that the "John H. Ullrich" who
signed the petition for the organization of a drainage district was
the same person whose lands were described in the petition as be-
longing to "John Ullrich," there being no other person by the name
of Ullrich referred to in the petition.

2. DRAINAGE—*signer of a petition cannot appeal from an order
organizing a district as prayed.* One who signs a petition for the
organization of a drainage district cannot appeal from an order
organizing the district as prayed in the petition and urge as ground
for reversal that the petition did not sufficiently set out the charac-
ter of the proposed work or that lands were included which were
in other legally organized districts.

3. SAME—*what objection will not be entertained on appeal.*
The signer of a petition to organize a levee drainage district will
not be permitted to object, on appeal, that commissioners did not
report in favor of open ditches on all the land, as prayed in the
petition, but recommended tile drains on part of the land, particu-
larly where no objection on that ground was made to the confirma-
tion of the commissioner's report.

4. SAME—*the commissioners need not describe lands embraced
in other districts.* Section 9 of the Levee act, requiring the com-
missioners to report what additional lands will be affected by the
proposed district and to describe the same and give the names of
the owners, refers to lands not included in the petition but which
may be brought into the district if benefited, and does not refer to
lands already in other legally organized districts.

APPEAL from the County Court of Douglas county; the
Hon. D. H. WAMSLEY, Judge, presiding.

L. A. MILLS, WALTER H. MILLS, and HUGH W. HOU-
SUM, for appellant.

JAMES W. & EDWARD C. CRAIG, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from an order of the county court of Douglas county confirming the report of commissioners and organizing Union Drainage District No. 3 of the towns of Bowdre and Arcola under the Levee act. John Ullrich, one of the land owners, filed objections at the hearing, which were overruled, and he has perfected this appeal.

Appellant relies upon three grounds for reversal: (1) That the petition was insufficient, in that it failed to set out the character of the work proposed to be done and whether the proposed ditches were to be open or tile drains; (2) that certain lands were included within the district which were already within the boundaries of legally organized drainage districts; and (3) that the report of the commissioners failed to show all the lands benefited by the proposed work or that the proposed district embraces all the lands benefited.

It appears from the record that the petition for the organization of this drainage district gave among the names of the owners of lands within the proposed district that of John Ullrich as the owner of 160 acres. This is the only person by the name of Ullrich referred to in the petition as the owner of lands within the proposed district. The petition was signed by John H. Ullrich, among others. Appellant, upon the hearing in the county court, filed one objection, to the effect that the petition contains no allegation that John H. Ullrich is the owner of any land proposed to be included within the district but that it alleges that John Ullrich is the owner of 160 acres, and that John Ullrich and John H. Ullrich are not one and the same person, but, on the contrary, are different persons. While appellant volunteers the statement that, as a matter of fact, John H. Ullrich, who signed the petition, and John Ullrich, the owner of the land included within the proposed district, are father and son, he admits that no testimony on that subject is to be found in the record and that it must now be conclusively

presumed that John H. Ullrich and appellant are one and the same person. As there is nothing in the record to indicate that John H. Ullrich and John Ullrich are different persons, the presumption that they are the same person must prevail, as appellant concedes, and appellant must be regarded as one of the petitioners.

The district was organized as prayed for in the petition, and appellant cannot now be heard to urge a reversal of the order of the county court upon either of the first two grounds above set out. Where a plaintiff obtains the precise relief sought by him in the trial court he is estopped from prosecuting an appeal from that judgment. (*Gray* v. *Jones*, 178 Ill. 169; 2 Ency. of Pl. & Pr. 157.) So where one joins in a petition for the organization of a drainage district and obtains the precise thing which he asked for, he is not entitled to take an appeal from the order organizing the district. Appellant having obtained the precise relief sought by him and his fellow-petitioners, so far as the first two grounds urged for reversal are concerned he has no adverse or appealable interest and is not entitled to have the record reviewed on appeal.

Appellant in his reply brief insists that he is entitled to urge a reversal of the order of the county court upon the first two grounds above set out for the reason that the court did not grant the relief prayed for in the petition. This contention is based upon the proposition that the petition provided for the construction of open ditches, whereas the commissioners reported that it was for the best interests of all concerned to construct tile drains instead of open ditches, and this report was confirmed by the court. In his original brief appellant takes the position that the judgment of the county court should be reversed for the reason that the petition did not set out the character of the work proposed to be done and did not state whether the proposed ditches were to be open or tile drains. He now concedes in his reply brief that, properly construed, the petition asks for the

construction of open ditches, but urges that as the route of one ditch passes through the lands of appellant the order of the county court confirming the report of the commissioners recommending that a tile drain instead of an open ditch be constructed entitles appellant to appeal. Section 12 of the Levee act provides that the commissioners shall not be confined to the manner of constructing the drains or ditches as proposed by the petitioners, but shall locate, design, lay out and plan them in such manner as they shall think will best drain and protect the lands of the petitioners. Appellant signed the petition with the knowledge that the commissioners had this power. In any event, no objection was made to the confirmation of the commissioners' report upon the ground that the construction of tile drains instead of open ditches was recommended.

The fifth and sixth paragraphs of section 9 of the Levee act direct the commissioners to determine, after an examination of the lands included within the proposed district, what lands will be benefited by the proposed work, whether the aggregate amount of benefits will equal or exceed the cost of construction, whether the proposed district will embrace all the lands that may be damaged or benefited by the proposed work, and if not, to report what additional lands will be so affected, giving a description and the names of the owners thereof. The commissioners reported to the court that all the lands described in the petition would be benefited by the proposed work, and further, that the proposed district will embrace all the lands that will be benefited by the proposed work that are not already embraced in other legally organized drainage districts. The appellant contends that in making this report the commissioners did not comply with the statutory requirements, because they did not describe the lands already embraced in other legally organized drainage districts which would be benefited by the proposed work. The evident purpose of the statute in requiring the commissioners to determine and report to the

court what lands, in addition to those embraced within the proposed district, will be benefited by the proposed work is to furnish the basis for an order including such lands within the proposed district. Lands already embraced in a legally organized drainage district cannot be included in the organization of another drainage district, (*People* v. *Baldridge,* 267 Ill. 190,) and it would be a useless formality for the commissioners, in their report, to give a description and the names of the owners of any such lands. The commissioners reported that the proposed district would embrace all the lands that will be benefited by the proposed work except lands already embraced in other legally organized drainage districts. This was a sufficient compliance with the statute.

The order of the county court is affirmed.

*Order affirmed.*