**The Celotex Company, Appellee, v. Francis Koblitz, Appellant.**

**Gen. No. 30,791.**

1. FORMER ADJUDICATION—*when judgment res adjudicata in subsequent action.* In an action of forcible entry and detainer a judgment rendered in a prior action between the same parties is not

res adjudicata ordinarily unless it be made to appear that the issues involved were the same.

2. FORMER ADJUDICATION—*prerequisites to estoppel by verdict.* Estoppel by verdict is applicable wherever the prior litigation was between the same parties, where the question to be decided was the same, and where the point decided was necessary to a decision of the case.

3. FORMER ADJUDICATION—*finding in action of forcible detainer as to nature of defendant's tenancy as precluding relitigation of issue in subsequent action between same parties.* Where an action of forcible detainer was brought upon the theory that the defendant was a tenant from month to month, rendering the tenancy subject to termination on 60 days' notice, the defendant was estopped to contend that he held possession under an alleged written lease, where in a former action of forcible detainer between the same parties, brought upon the theory that the defendant was a trespasser, the defendant claimed a right to possession under the same lease, and the finding in such former action was adverse to the defendant as to his right to possession under such lease, although the ultimate issue in the case was decided in his favor, upon the ground that he was holding under a valid verbal lease from month to month.

4. FORMER ADJUDICATION—*mutuality of estoppel by finding of court in action of forcible detainer as to character of defendant's tenancy.* Where in an action of forcible detainer brought upon the theory that the defendant was a trespasser removable without notice, the finding of the court was adverse to defendant in respect of his contention that he held possession by virtue of a valid written lease, the parties to such action were mutually estopped by such finding to contend, in a subsequent action between them, that defendant's tenancy was under such written lease, although the ultimate issue in the former action was decided adversely to plaintiff, upon the ground that the defendant held the premises under a valid verbal lease from month to month.

5. FORMER ADJUDICATION—*mutuality of estoppel by verdict as dependent upon right of appeal from decision by either party.* An estoppel by verdict is not necessarily rendered inoperative for want of mutuality because the decision rendered was not subject to reversal on appeal by either party.

6. APPEAL AND ERROR—*right of successful defendant in action of forcible detainer to appeal from judgment where court finds adversely to his contention as to nature of his tenancy.* Under Cahill's St. ch. 57, ¶ 19, authorizing an appeal to be taken by "any party * * * aggrieved by the verdict of the jury or decision of the court" in an action of forcible detainer, a defendant in such

an action is not precluded from taking an appeal from a judgment in his favor, where the finding of the court rejects his contention that he holds possession of the premises by virtue of a valid written lease, and the judgment in his favor is based upon the further finding that he holds by virtue of a valid oral lease from month to month, as against plaintiff's contention that defendant is a trespasser.

Appeal by defendant from the Municipal Court of Chicago; the Hon. GEORGE B. HOLMES, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1925. Affirmed. Opinion filed June 14, 1926.

WALTER T. QUIGLEY and KIRKLAND, PATTERSON & FLEMING, for appellant; WEYMOUTH KIRKLAND, WALTER T. QUIGLEY and WILLIAM H. SYMMES, of counsel.

ALDEN, LATHAM & YOUNG, for appellee; CHARLES MARTIN, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

Upon trial by the court of an action for forcible detainer brought by the plaintiff, appellee, there was a finding in favor of plaintiff and judgment thereon, which the defendant by this appeal seeks to reverse.

Upon the trial the plaintiff offered in evidence a writing served upon the defendant on February 27, 1925, notifying defendant that plaintiff had elected to terminate defendant's tenancy and right to possession of the premises in controversy on April 30, 1925, and demanding that defendant vacate and surrender possession of the premises by midnight of that day.

The theory of the plaintiff apparently was that defendant was in possession under a tenancy from month to month and that a 60-day notice was necessary in order to terminate the tenancy.

The defendant sought to defend upon the theory that he was in possession of the premises by virtue of a written lease from plaintiff to defendant, and the court, upon a stipulation of facts, held that by reason

of a former adjudication in the trial of an action of the same character between the parties for possession of the premises, the defendant was estopped from claiming under the lease.

It appears from the stipulation that plaintiff brought a prior action in forcible detainer against the defendant to secure the possession of these same premises on December 3, 1924; that upon that trial there was a finding of not guilty and judgment thereon for defendant, after motions of plaintiff to vacate and set aside the finding had been overruled.

Upon the former trial the court found according to the stipulation, "that the written document, dated October 15, 1924, purporting to be a lease of the premises described in the complaint from plaintiff to defendant was not delivered as and did not become effective as a lease, and that there is and was no written lease between plaintiff and defendant for said premises, but that the defendant was and is in possession of the premises under a tenancy from month to month, and the plaintiff not having served any notice to terminate the tenancy was not entitled to recover possession in this suit."

The trial court was of the opinion that the character of the defendant's tenancy, having been litigated in the former proceeding, must be regarded as *res adjudicata* in this litigation, which is between the same parties for the same premises and in which the defendant attempts to interpose a defense based upon the lease on which it relied in the former proceeding.

That in an action of forcible detainer a judgment rendered in a prior suit between the same parties is not *res adjudicata* ordinarily unless it be made to appear that the issues involved were the same, is settled by numerous authorities, some of which are cited by the defendant. *Campbell & Oakman v. McFarland,* 86 Ill. App. 467; *Roby v. Calumet & Chicago Canal &*

*Dock Co.,* 211 Ill. 173; *Carson v. Crigler,* 9 Ill. App. 83, and *Barkman v. Barkman,* 107 Ill. App. 332.

It is apparent, however, that the defendant has failed to distinguish between estoppel by judgment and estoppel by verdict. This distinction is pointed out in *Hanna v. Read,* 102 Ill. 596, which is the leading case in our State upon this subject. The Supreme Court there said:

"Where the former adjudication is relied on as an answer and bar to the whole cause of action, or, in other words, where it is claimed to be an answer to all the questions involved in the subsequent action, then it must appear, as claimed by defendants in error, that the cause of action and thing sought to be recovered are the same in both suits. The former adjudication in cases of this class is technically known as an estoppel by judgment, and the judgment itself is commonly characterized as a bar to the action; but where some specific fact or question has been adjudicated and determined in a former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not. This species of estoppel is known to the law as an estoppel by verdict, and is equally available to a plaintiff in support of his action, when the circumstances warrant it, as when offered by a defendant as matter of defence."

That decision has since been consistently followed by the highest court of this State, and while, ordinarily, the question of what the issues were may be determined from the pleadings, in cases such as forcible detainer where the pleadings are general, it has also been held that parol evidence is admissible to show what the precise questions involved and de-

cided were. *Wright v. Griffey,* 147 Ill. 496; *Leopold v. City of Chicago,* 150 Ill. 568.

We deem it unnecessary to review the decisions at length. The doctrine as set forth in *Hanna v. Read, supra,* has been followed in *Merrifield v. Canal Com'rs,* 212 Ill. 465; *In re Estate of Stahl,* 227 Ill. 529; and in *Mahannah v. Mahannah,* 292 Ill. 133, a case which on principle we think cannot be distinguished from the one which we are now reviewing. See also *Standard Brewery v. Creedon,* 283 Ill. 474, and *Western Book & Stationery Co. v. Jevne,* 179 Ill. 71.

We think these cases establish affirmatively the doctrine that estoppel by verdict is applicable wherever the prior litigation was between the same parties, where the question to be decided was the same, and where the point decided was necessary to a decision of the case.

The stipulation of facts and the evidence in this case show that upon the former trial the parties were identical and the premises involved in the controversy were identical; that in that case plaintiff sued for possession upon the theory that defendant was a trespasser and not entitled to notice prior to the beginning of the suit; that the defendant, against this contention, claimed the right to the possession of these premises under the same lease which is here offered in his behalf; that the court held that the lease in question had never been delivered and that defendant had acquired no rights under it; but the court further held that defendant was in possession of the premises under a verbal agreement for a tenancy from month to month, and was therefore entitled to a 60-day notice which, since plaintiff had failed to give, it could not maintain its suit. In other words, the defendant secured a favorable finding and judgment on the ultimate issue in the case, although the finding of the court was against his contention as to the validity of his supposed lease.

The defendant now contends that he is not estopped by the finding of the court in that suit as to the character of his tenancy, because he says that an estoppel must be mutual.

The answer to that contention is that the estoppel here is mutual; that just as defendant is bound by the decision of the court upon that issue in the former litigation, so the plaintiff is bound by it. If, for instance, the plaintiff should bring a suit upon the lease, claiming damages on account of a violation of some of its terms, could it be contended successfully that plaintiff was not estopped by the former adjudication? We do not think so, and if plaintiff is estopped, then defendant is likewise estopped.

But the defendant further says that in the prior suit, since the ultimate issue was found in his favor, he could not appeal from the judgment there rendered, while the plaintiff could have done so, and for that reason the estoppel is not mutual. Defendant does not cite any authority holding that an estoppel by verdict is not mutual unless the decision rendered was subject to reversal upon appeal by both parties. The right of appeal is purely statutory, and if the statute is not broad enough in that respect, it would seem to be a matter for the legislature rather than for the courts.

However, the case cited by defendant—*Union Drainage Dist. No. 3 of Towns of Bowdre and Arcola v. Ullrich*, 273 Ill. 165—does not sustain his contention that defendant could not have appealed from the former judgment. Nor is the contention sustained by *Gray v. Jones,* 178 Ill. 169, which is followed in *Union Drainage Dist. No. 3 of Towns of Bowdre and Arcola v. Ullrich, supra.* That was a special proceeding where a plaintiff upon his own petition had obtained the precise relief, and all the relief, which he had asked for in the trial court, and the court held that under such circumstances he was estopped from prosecuting an

appeal from the judgment. The case is easily distinguishable from the instant one.

Section 18 of the Forcible Detainer Act [Cahill's St. ch. 57, ¶ 19] provides:

"If any party shall feel aggrieved by the verdict of the jury or decision of the court, upon any trial had under this Act, such party may have an appeal, to be taken to the same courts, in the same manner and tried in the same way as appeals are taken and tried in other cases."

We do not think that there is anything in this statute which, properly construed, would indicate that defendant was precluded in the former case from taking an appeal if he so desired.

The plaintiff made a motion in this court to strike the bill of exceptions, which was denied, and that motion is again argued at length. While the question involved in that motion has not been definitely passed on by a decision of the Supreme Court, in our ruling thereon we followed the usual practice of this court in such cases. In the absence of higher authority, we are disposed to adhere thereto.

For the reasons indicated the judgment is affirmed.

*Affirmed.*

Johnston and McSurely, JJ., concur.