Caton, J. On the return day of the summons it was served on all of the defendants. During the term to which the summons was returnable the appearance of four of the defendants was entered. At the same term a default was entered and judgment rendered against the four defendants whose appearance had been entered, and no notice taken of the other two defendants who had been served with process. This was unquestionably erroneous. At the common law, in action upon a joint contract or obligation, the judgment must be rendered against all or none of the defendants, and this has only been changed by our statute, by allowing the plaintiff to take judgment against a part of the defendants, who alone had been served with process. This case should have been continued until the next term, when all of the defendants might have been proceeded against. Here there was an error, for which the defendants might, at any time within five years from the rendition of the judgment, bring the case to this Court, and have the judgment reversed. And while this is the case, it is not an open question in this Court, since the decisions in the cases of Teal v. Russell et al., 2 Scam., 319, and Jones v. Wright et al., 4 Scam., 388, that the plaintiffs may bring the record here, and rid themselves of a judgment, which while it presents a bar to their obtaining a regular one, still affords them no sufficient security. Inasmuch however, as their intestate was chargeable with the error which renders the judgment defective, they must pay the costs of getting it reversed. Jones v. Wright et al., 4 Scam., 338. Let the judgment be reversed at the cost of the plaintiffs, to be paid in due course of administration. Judgment reversed.