GEORGE HARTMAN ·

*v.*

## THE BELLEVILLE AND O'FALLON RAILROAD CO.

1. CONDEMNING RIGHT OF WAY—*for a railroad, under act of 1852— notice of appeal—whether sufficient.* In a proceeding to condemn land, under the act of 1852, for the right of way of a railroad, notice of an appeal by the owner of the land to the circuit court from the decision of the commissioners, served upon the attorney of the railroad company, is insufficient.

2. And where the circuit court proceeds to judgment upon such defective notice, the railroad company failing to appear, the owner of the land may bring the record to this court and have the judgment thus irregularly obtained in his favor, reversed, in order that a new trial may be had and a judgment regularly rendered.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. SNYDER & DILL, Messrs. KASE & WILDERMAN, and Mr. MARSHALL W. WEIR, for the plaintiff in error.

Messrs. C. W. & E. L. THOMAS, for the defendant in error.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was a proceeding, on behalf of defendant in error, by petition to the St. Clair circuit court, filed on the 26th day of March, 1870, to condemn lands for defendant's railroad, under the act of June 22, 1852, (Laws 1852, p. 146). Commissioners were appointed thereunder by the judge of the county court, who fixed the amount of compensation to plaintiff at the sum of one dollar, and filed their report to that effect. Whereupon the plaintiff took an appeal, under the 7th and 9th sections of the act, to the circuit court of St. Clair county, and caused a summons to be issued, in pursuance of the 11th section of the act, on the 16th day of April, 1870, to the defendant, returnable on the 4th Monday of October, 1870, which was returned by the sheriff as served on the defendant, on the 14th day of October, 1870, by sending and delivering a true copy to Charles W. Thomas, attorney for the Belleville and O'Fallon Railroad Company.

At the October term, 1870, the railroad company failing to appear, the plaintiff moved the trial of the cause, which was had before a jury, and a verdict returned for $328, upon which judgment was rendered. The plaintiff below brings error, and asks this court to reverse the judgment so recovered by him, on the ground of the irregularity in proceeding to trial without a proper notice to the railroad company.

We think that, under the provisions of the act, and especially of the 11th section, it was irregular to proceed to trial upon a notice given only to the attorney of the company. Indeed, the sheriff was not authorized to make such service, as returned, and the supposed service was a nullity. For that error the defendant could, at any time within five years from

the rendition of the judgment, bring the case to this court and have the judgment reversed.

The case seems to fall within the principle of the cases decided by this court, that a plaintiff may bring the record here and rid himself of a judgment in his favor, which, while it presents a bar to his obtaining a regular one, still affords him no security. *Teal* v. *Russell*, 2 Scam. 319; *Jones* v. *Wight*, 4 Scam. 338; *Davidson* v. *Bond*, 12 Ill. 84.

The judgment will be reversed at the costs of the plaintiff in error, and the cause remanded.

*Judgment reversed.*