WALTER LANGLOIS

*v.*

FREDERICK W. MATTHIESSEN.

*Filed at Ottawa April 1, 1895.*

1. ACTION—*a complainant in chancery may dismiss his bill.* Complainant in a bill in equity may be allowed to dismiss his suit without prejudice after the cause has been heard on the evidence as reported by the master, and taken under advisement, where no decree has been rendered or determination made of the rights of either party. *Flaherty* v. *McCormick*, 123 Ill. 525, distinguished.

2. COSTS—*dismissal should be at complainant's costs.* A voluntary dismissal of a bill in equity should be at complainant's costs.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

BREWER & STRAWN, for plaintiff in error:

Complainant had no right to dismiss his suit without prejudice after the proofs were closed. *Byrne* v. *Frere*, 2 Molloy, 157; 12 Eng. Ch. 391; *Flaherty* v. *McCormick*, 123 Ill. 525; *Ogsbury* v. *LaForge*, 2 N. Y. 114.

R. D. McDONALD, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The question presented by this record is, whether or not it is error to allow the complainant in a bill in equity to dismiss his suit without prejudice after the cause has been heard on the evidence as reported by the master, and taken under advisement. This court has repeatedly decided that the complainant may dismiss his bill at any time before decree, when no cross-bill has been filed. *Mohler* v. *Wiltberger*, 74 Ill. 163; *Purdy* v. *Henslee*, 97 id. 389; *Blair* v. *Reading*, 99 id. 600; *Gage* v. *Bailey*, 119 id. 539; *Reilly* v. *Reilly*, 139 id. 180. See, also, to same effect, *Chicago and Alton Railroad Co.* v. *Rolling Mill Co.* 109 U. S. 702, and cases there cited; 1 Beach on Modern Eq. Pr. 469-473.

Our attention is called to *Flaherty* v. *McCormick*, 123 Ill. 525, and it is insisted that on the authority of that case it was error in the court below to dismiss the bill in the case at bar without prejudice, on the motion of the complainant, after publication, and when nothing more remained to be done than for the chancellor to render his decision. There is a marked distinction between the two cases. In the *Flaherty case* final decree had been rendered in the trial court, which had, on appeal to this court, been reversed and the cause had been remanded, this court having, in the opinion rendered, defined the rights of the parties. When the case went back to the circuit court, that court, on motion by the complainant, dismissed the bill without prejudice, and this ruling was, on appeal to this court, held to be an abuse of discretion, and the court said: "Not only had there been a publication of the proofs, but there had been a hearing and decree upon the merits, a reversal of that decree and an opinion of this court sustaining, in emphatic terms, Flaherty's title and holding that appellees have no equities against him." In the case at bar there had not, so far as the record discloses, been any determination of the rights of either party, and there is nothing in the record to show that there was any abuse of discretion by the trial court in permitting the bill to be dismissed without prejudice. Costs must follow dismissal by complainant, as matter of course. Technically the decree is erroneous in making no order respecting the costs. They should have been adjudged against the complainant.

The cause will therefore be reversed and remanded to the circuit court, with directions to that court to enter an order dismissing complainant's bill without prejudice, on his motion, at the costs of the complainant, and for execution, etc.

*Reversed and remanded.*