M. S. GRAY et al.

v.

T. T. JONES et al.

178 169
185 304

*Opinion filed February 17, 1899.*

1. APPEALS AND ERRORS—*one cannot appeal from order giving him the precise relief sought.* A petitioner for a road, who has obtained the precise relief sought and who has no adverse interest in any question of damages, cannot appeal from the order of the commissioners granting the prayer of his petition.

2. SAME—*when justice of peace cannot assume jurisdiction to allow an appeal.* A justice of the peace who is one of the petitioners for a highway, or who is substantially interested in the proceedings, can not assume jurisdiction to grant an appeal from the order of the commissioners, by approving the bond and selecting the members of the reviewing tribunal.

3. INJUNCTION—*equity will not enjoin void appeal.* Equity will not enjoin an appeal from the highway commissioners to the supervisors, of which, under the facts alleged in the bill and admitted by demurrer, the supervisors have no jurisdiction, as any order they might make would be void and could be resisted in any proceeding.

*Jones* v. *Gray,* 78 Ill. App. 309, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Coles county; the Hon. FRANK K. DUNN, Judge, presiding.

JAMES W. & E. C. CRAIG, for appellants.

ANDREWS & VAUSE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Coles county overruled the demurrer of appellees to the bill filed by appellants in this case for an injunction to restrain the appellee T. T. Jones from prosecuting his appeal from an order of the commissioners of the town of Lafayette laying out a road, and to enjoin the appellees M. P. Neal, W. Taylor Conley and David Gannaway, supervisors of said county, from hear-

ing said appeal, and to set the same aside as fraudulent and void. Appellees elected to stand by their demurrer, and there was a decree as prayed for in the bill. On appeal to the Appellate Court that court reversed the decree and remanded the cause to the circuit court, with directions to sustain the demurrer, and this appeal was thereupon taken.

The facts as alleged in the bill and admitted by the demurrer are briefly as follows: Complainants are owners of land over which T. T. Jones, James W. Ellis and others petitioned the commissioners of highways to lay out a new road. The commissioners granted the prayer of the petition and filed their certificate for the assessment of damages with the said James W. Ellis, one of the petitioners, who was also a justice of the peace. Complainants took a change of venue from said justice to a police magistrate, before whom their damages were assessed, and a final order was then made by the commissioners September 8, 1897, laying out the road. An appeal was immediately taken on the same day by said T. T. Jones under a collusive arrangement between him and the commissioners and said James W. Ellis for the purpose of having the order laying out the road confirmed. The petition for appeal was filed with said petitioner, James W. Ellis, as a justice of the peace, on the same day, and he assumed jurisdiction and selected the three supervisors to hear the appeal, who were made defendants. One of these supervisors is related by consanguinity to Leageon Williams, a petitioner for the road, who caused the petition to be prepared and who circulated it and employed the attorneys in the case to procure the opening of the road, and another is related by affinity to said T. T. Jones. The purpose of that appeal was merely to forestall parties having an actual and *bona fide* interest in reversing the order, and to secure by the means adopted an affirmance of it. Complainants, who were interested in the decision of the commissioners and desired to re-

verse it, took an appeal September 11, 1897, by filing their petition with James L. Scott, a justice of the peace, and he selected supervisors, who met September 23, 1897, after proper notice, and reversed and set aside the order laying out the road and the damages assessed. The time appointed for the hearing before the defendants Neal, Conley and Gannaway was September 24, 1897, and the bill was filed upon that day to enjoin the proceeding, and a temporary injunction was ordered and issued.

It is claimed by appellants that the judgment of the Appellate Court was wrong, and that they are entitled to relief in equity, on the grounds that Jones, a petitioner for the road, who had obtained by the order all that he asked for, was not entitled to take an appeal; that Ellis, the justice of the peace, was disqualified to act as such on account of his interest, and that the court was unlawfully constituted because of the relationship of its members to the petitioners. Whether these grounds exist or not, we think that the conclusion of the Appellate Court was right. If the appeal of Jones was lawfully taken and the supervisors were invested with jurisdiction, complainants could have no relief because it would have been their duty to have joined in the appeal. Appeals may be taken at different times and by different persons, but they must all be heard together before the body which acquires jurisdiction. (*Corley* v. *Kennedy*, 28 Ill. 143.) When a valid and lawful appeal is taken the supervisors acquire jurisdiction, and, the proceeding being pending before them, no subsequent appeal could confer jurisdiction on another body but must be taken to the same supervisors. On the other hand, if the grounds alleged are valid, any proceeding by the defendant supervisors would be void as without jurisdiction, and any order they might make could be successfully resisted elsewhere and a court of equity would not assume jurisdiction.

Any party who has an appealable interest may prosecute an appeal, and if one who instituted a suit or pro-

ceedings does not obtain what he asks for in full, he can undoubtedly prosecute an appeal. A party in whose favor a judgment is rendered may sue out a writ of error and obtain a reversal for an error prejudicial to him. (*Fuller* v. *Robb,* 26 Ill. 246.) If he is able to assign any error or has not obtained all that he deems himself entitled to, he may appeal, under the statute, and where a trial is *de novo* he may appeal to secure a larger judgment or more complete relief. (*Kasting* v. *Kasting,* 47 Ill. 438.) If, however, he has obtained everything that he claims he has no adverse or appealable interest, since he cannot then call for a re-examination to rectify an erroneous decision, which is the meaning and purpose of an appeal. The rule is stated as follows in 2 Encyclopedia of Pleading and Practice, 157: "Where the plaintiff obtains the precise relief sought by him in the trial court he is estopped from prosecuting an appeal from the decision awarding it. But where the judgment, although in his favor, does not afford him the relief claimed, or where he may sustain injury thereby, he may seek its reversal." Jones was a petitioner for the road and obtained before the commissioners the precise thing which he asked for. He had no adverse interest in any question of damages, but the grounds of his appeal stated in his petition to the justice were wholly public in their nature, and were merely statements, in different form, that the commissioners ought not to have granted the prayer of his petition and erred in not refusing to grant what he had asked. He was therefore not a person entitled to take an appeal, and his attempt to do so did not confer jurisdiction.

James W. Ellis, the justice of the peace who approved the bond and selected supervisors to hear the appeal, was also a petitioner for the road. Presumably he thought that his personal interests would be advanced and he would be benefited by having it opened. It is a fundamental maxim that it is not within the province of judi-

cial authority for one who is interested in a decision to act in the same matter. Wherever judicial functions are to be exercised, a judicial officer who is interested, however remotely, is prohibited from taking part in their exercise. The rule is not confined to cases where he is a party or his relations are such that he is entitled to appeal, but if he has a substantial interest in the result he is disqualified and his action is a mere nullity. (Cooley's Const. Lim. 411.) And so, also, if he is complainant or moving party in a prosecution or proceeding he cannot act in deciding it. (Cooley on Torts, 421.) In such a proceeding as an assessment for widening a street, where one of the commissioners owned property near the starting point of the improvement, the assessment was held void. *Hunt* v. *City of Chicago*, 60 Ill. 183.

It is claimed by appellees that the action of Ellis was merely formal, for the purpose of bringing the question before the appellate tribunal. But we do not think that is so. That tribunal was not one established by the law, but one whose members were to be chosen and organized as a tribunal by him. The approval of the appeal bond and the selection of proper officers for hearing the appeal involved the exercise of official discretion, which seems to have been exercised in the line of what may be regarded as his personal interest. He selected one supervisor related by consanguinity to a petitioner who was active in procuring the road and employed counsel to accomplish the object, and another related by affinity to another petitioner. Ellis was one of those who instituted the proceeding and had such an interest in securing the affirmance of the order as, in our opinion, disqualified him from acting in a position where absolute impartiality was called for. The incapacity of Jones to appeal and Ellis to act appear on the face of the record, and the objection of the want of jurisdiction can be raised in any forum.

It follows that the judgment of the Appellate Court was right and should be affirmed.     *Judgment affirmed.*