## Gay Dorn v. Philip Geuder, Executor of Johann Geuder, and Edward S. Dreyer, Trustee.

1. EQUITY PRACTICE—*Right of a Complainant to Dismiss his Bill.*— A complainant may dismiss his bill at any time before decree, when no cross-bill has been filed.

2. SAME—*What Takes from a Complainant the Right to Dismiss His Bill.*—It is the filing of a cross-bill, not this or that kind of an answer, which, under the statute, takes from the complainant the right to dismiss his bill.

**Bill in Equity.**—Appeal from an order dismissing, on complainant's motion, his bill entered by the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed November 21, 1899.

CHARLES PICKLER, attorney for appellant.

LACKNER, BUTZ & MILLER, attorneys for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from an order dismissing, on complainant's motion, a bill filed by appellees to foreclose a trust deed.

Appellant's counsel states that " the only point involved is whether the allegations by Dorn, in his answer setting up his damage, constitute a cross-bill."

The answer is entitled, " The separate answer of Gay Dorn, one of the defendants to the bill of complaint of complainants," and in effect sets forth that the filing of the bill to foreclose had damaged said defendant in various ways, impairing his credit and financial standing, and asks the court to award him damages therefor and solicitor's fees.

The answer concludes as follows: Defendant " denies that complainants are entitled to the relief, or any part thereof in said bill of complaint demanded, and prays the same advantage of this answer as if he had pleaded or demurred to said bill of complaint, and prays to be hence dismissed with his reasonable costs and charges, in this behalf most wrongfully sustained," etc.

It is contended that appellees had no right to dismiss the bill without the consent of appellant, in view of the relief prayed for by the latter in his answer, which he claims constituted it a cross-bill.

No authorities are cited and no reasons advanced in support of appellant's claim that this answer constituted, and is to be regarded as a cross-bill. His counsel contents himself with merely stating that the bill ought not to have been dismissed, apparently assuming that it is not his duty "to reason why."

Nearly three years before the dismissal appellees filed a replication to appellant's answer. If the latter had then considered it as a cross-bill, he could and should have taken steps to require appellees to "except, plead, demur or answer to such cross-bill" in the manner required by the chancery act. (Sec. 32, Chap. 22, Rev. Stat.) This was never done. It was apparently treated as an answer until after appellees had on their own motion caused their bill to be dismissed. "It is the filing of a cross-bill, not this or that kind of an answer, which, under the statute, will take from the complainant the right to dismiss his bill before decree rendered, and this alone." Purdy v. Henslee, 97 Ill. 369, 392. (Sec. 36, Chap. 22, Rev. Stat.) The answer in this case has none of the features of a bill in chancery, and was not treated as such by any of the parties. It has been held, in general terms, that a court has no power to decree affirmative relief on an answer; and that it is the duty of a party who files a cross-bill to take steps to have it answered, and where this is not done and the parties voluntarily go to a hearing the cross-bill may be regarded as abandoned. Purdy v. Henslee, *supra*, and cases there cited.

The bill in the present case was dismissed on complainant's motion at complainant's costs, without prejudice. It has been frequently held that the complainant may dismiss his bill at any time before decree, when no cross-bill has been filed. Langlois v. Matthiessen, 155 Ill. 230, and cases there cited.

We find no error in the order of the Circuit Court dismissing the bill, and it must be affirmed.