## B. ESSROGER *et al.*

*v.*

## THE CITY OF CHICAGO.

*Opinion filed April 17, 1900.*

1. SPECIAL ASSESSMENTS—*ordinance is void which fails to indicate height of curb.* An ordinance for constructing a combined curb and gutter is void which contains no data from which the height of the curb can be ascertained. (*Jacobs* v. *City of Chicago*, 178 Ill. 560, followed; *Lehmers* v. *City of Chicago*, id. 530, distinguished.)

2. APPEALS AND ERRORS—*one cannot question judgment he has asked to be entered.* One who withdraws his objections to an application to confirm a special assessment and requests the court to enter judgment of confirmation cannot afterward complain of such judgment on appeal or error.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

JAMES B. HEFFERNAN, for plaintiffs in error.

CHARLES M. WALKER, Corporation Counsel, ARMAND F. TEEFY, and WILLIAM M. PINDELL, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This writ of error was sued out by B. Essroger, Mary McMurray and Annie Paisley to reverse a judgment confirming a special assessment levied to pay the cost and expense of putting in a concrete combined curb and gutter in St. Lawrence avenue and other streets in Chicago. The principal error assigned is that the ordinance contains no sufficient description of said combined curb and gutter, and is therefore invalid. The question arises from the following provision of the ordinance: "Said combined curb and gutter shall have a smooth, even surface on the parts exposed, and shall be laid in alternate blocks of six feet in length, and shall be six inches in thickness throughout. The gutter flag shall be eighteen inches in width, and shall be laid to a pitch corresponding with the angle toward the crown of the street, and the upper face corner of the curb shall be rounded to a radius of one and one-half inches." This ordinance was held invalid in *Jacobs* v. *City of Chicago,* 178 Ill. 560, where it was said that the ordinance was not distinguishable from the one declared invalid in *Holden* v. *City of Chicago,* 172 Ill. 263. The height of the curb cannot be determined from the ordinance nor from any data therein given. In this respect it differs materially from the ordinance held valid in *Lehmers* v. *City of Chicago,* 178 Ill. 530.

The judgments against the property of plaintiffs in error McMurray and Paisley were rendered by default, and as to their property the judgments must be reversed. But the record shows that Essroger, after having filed his objections to judgment against his property for the assessment, withdrew said objections and requested the court to enter judgment confirming the assessment. He cannot now be heard to complain of a judgment which he asked the court to render, and as to him and his said property the writ of error must be dismissed.

*Writ dismissed as to part and judgment reversed*
*and cause remanded as to part.*