## A. W. WILLIAMS

*v.*

## ALBERT BREITUNG.

*Opinion filed June 23, 1905.*

1. APPEALS AND ERRORS—*party cannot appeal from decree wholly in his favor.* A decree dismissing a bill for injunction on motion of the complainant, at his own costs, is wholly in favor of the defendant, notwithstanding it is dismissed without prejudice instead of for want of equity, and the defendant cannot appeal therefrom.

2. PRACTICE—*right of complainant to dismiss bill.* Complainant in a bill for injunction has a right to dismiss the bill at his own costs at any time before final decree, if no cross-bill has been filed, and this right is not affected by the fact that his motion for an interlocutory injunction has been denied.

3. SAME—*fact that complainant may file another bill does not affect his right of dismissal.* The fact that the complainant may file another bill is not regarded as such a prejudice to the defendant as precludes the complainant from dismissing before final decree.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

This is an appeal from a judgment of the Appellate Court, dismissing appellant's appeal to that court from an order of the circuit court of Cook county, dismissing appellee's bill of complaint on his own motion.

The bill of complaint herein was filed on May 10, 1904, by appellee against appellant and the Masonic Fraternity Temple Association and another, based on a restrictive covenant in a lease from said Masonic Fraternity Temple Association to appellee, demising a portion of the Masonic Temple building in Chicago, and purporting to give appellee exclusive control of the sale of cigars and tobaccos in the entire Masonic Temple building, subject to certain prior leases and contracts. Appellant had a lease from said Masonic Fraternity Temple Association, covering a different portion of

said Masonic Temple building, under which said lease appellant claims to be entitled to sell cigars and tobaccos in the premises, so demised to him. The bill, which was subsequently amended on May 24, 1904, prays for an injunction, prohibiting appellant from selling any cigars or tobaccos in the said premises. The appellant filed his sworn answer on May 23, 1904.

The motion for an interlocutory injunction was heard upon bill, answer and affidavits, the latter being filed by both parties. The affidavits, filed by the appellee, tended to show that the appellant took his lease with full knowledge of the provisions contained in appellee's lease, and subject to the terms and provisions thereof, while the affidavits filed by the appellant tended to show that appellant did not have such notice of the provisions in appellee's lease, and that appellee did have notice of the provisions in appellant's lease. This question of fact as to notice was the principal question of fact, presented by the affidavits upon the motion for a preliminary injunction.

On June 2, 1904, the chancellor entered the following order: "Said cause coming on this day to be heard upon the motion of said complainant for an injunction, as prayed in the bill of complaint and amendments thereto, filed herein, said motion being based upon the pleadings filed herein, and upon affidavits presented to the court, and the court, having duly considered the same and having heard arguments of counsel for all of said parties, doth hereby order, adjudge and decree that said motion for an injunction be and the same is hereby overruled and denied; and, thereupon, come the solicitors for the complainant, and move the court to dismiss the bill out of this court, which motion is entered and ordered placed on the contested motion calendar."

On June 6, 1904, the court entered the following order: "On motion of complainant's solicitor, it is ordered that the bill as amended in this cause be dismissed out of this court

at complainant's costs, to which order the defendant, A. W. Williams, by his solicitors, duly excepts. Therefore, it is ordered, adjudged and decreed that the defendants do have and recover of and from the complainant their costs by them in this behalf expended, and have execution therefor. And thereupon came the defendant, A. W. Williams, by his solicitors, and prays an appeal from the order of dismissal heretofore entered, to the Appellate Court for the First District of Illinois, which is granted on filing a good and sufficient appeal bond," etc.

Appellant objected to the foregoing order of dismissal. His appeal bond was presented, filed, and approved, and, within the time allowed therefor, appellant presented his certificate of evidence, procured the chancellor's certificate thereto, and filed the same.

Upon appeal to the Appellate Court the Appellate Court dismissed the appellant's appeal upon the motion of appellee. The orders, material to the question here involved, which were entered by the Appellate Court, were as follows: On February 14, 1905, the Appellate Court entered the following order: "This cause having this day been reached in the call of the docket, and counsel desiring to argue the same, and the court not being fully advised in the premises, doth order that said cause be taken under advisement on appellant's briefs, and to be argued orally on a date in the future to be fixed by the court."

On February 17, 1905, the Appellate Court entered the following order: "On this day came again the said parties, and the court, having diligently examined and inspected, as well the record and proceedings aforesaid, as the motion of appellee to dismiss the appeal herein, for the reason that the decree appealed from herein is one dismissing the bill at the complainant's costs upon the complainant's motion, and that said decree is wholly in favor of said appellant, and the court, being now sufficiently advised of and concerning the prem-

ises, are of the opinion that said appeal is not well taken. Therefore, it is considered by the court that said appeal be, and the same is hence dismissed. And it is further considered by the court that the said appellee recover of and from the said appellant his costs, by him in this behalf expended, to be taxed, and that he have execution therefor."

The present appeal is prosecuted to this court from said last mentioned order of the Appellate Court, dismissing the appeal.

MORAN, MAYER & MEYER, for appellant.

DEFREES, BRACE & RITTER, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

In the trial court the complainant there, who is the appellee here, dismissed his own bill at his own costs, and to this order of dismissal the appellant here, one of the defendants below, duly excepted. When the cause came by the appeal of the appellant before the Appellate Court, the appellee moved to dismiss the appeal, and the court granted the motion. In its order, dismissing the appeal, the Appellate Court states, as a reason for dismissing the appeal, that the decree appealed from was one dismissing the bill at complainant's, or appellee's, costs upon the complainant's own motion, and that said decree was wholly in favor of appellant, one of the defendants below.

When the chancellor below refused to grant to appellee the injunction prayed for, and dismissed the bill upon appellee's own motion at his own costs, the decree was in favor of the appellant.

*First*—The first question, then, which arises, is, can a party appeal from a judgment or decree in his own favor? It is strenuously insisted by the appellant that he had a right

to appeal from the decree entered below, although it was in his own favor, and that, as he had such right, the Appellate Court erred in dismissing his appeal upon the ground that the decree appealed from was in his favor. As a general rule, a party may prosecute a writ of error to reverse a judgment in his own favor, or take an appeal from such judgment. (*Thayer* v. *Finley,* 36 Ill. 262). But an examination of the cases, to which our attention has been called by counsel, will show that such right of appeal by a party from a judgment in his own favor is only where the court, entering the judgment, has committed some error prejudicial to him, or where by the judgment he has not obtained all that he is entitled to. For example, if the judgment in favor of the plaintiff is for a less amount than it ought to be, he may take an appeal, or sue out a writ of error to review it. (*Thayer* v. *Finley, supra; McIntyre* v. *Sholty,* 139 Ill. 171; *Kasting* v. *Kasting,* 47 id. 438).

Another class of cases where a party, in whose favor a judgment has been rendered, is allowed to appeal, or sue out a writ of error for its reversal, are cases against a number of defendants jointly liable, where the judgment is in favor of the plaintiff against one or more of the defendants and in favor of the other defendants against the plaintiff; and the principle, upon which the rule is applied in this class of cases, is that, as a general thing, where an action is brought on a joint contract the judgment must be rendered against all of the defendants, or none. (*Kingsland* v. *Koeppe,* 137 Ill. 344; *Fuller* v. *Robb,* 26 id. 246; *Jones* v. *Wight,* 4 Scam. 338; *Teal* v. *Russell,* 2 id. 319; *Davidson* v. *Bond,* 12 Ill. 84). There is another class of cases, in which the rule is applied, where there is some error or irregularity in the judgment, which would make it ineffective in the future as a security to the party in whose favor it was rendered. (*Hartman* v. *Belleville and O'Fallon Railroad Co.* 64 Ill. 24; *Frost* v. *Howard,* 81 id. 602).

But where, as in the case at bar, the decree or judgment is wholly in favor of the party seeking to review it, he is not entitled to an appeal. The doctrine is well stated in the case of *Gray* v. *Jones,* 178 Ill. 169, where it is said (p. 171) : "Any party who has an appealable interest may prosecute an appeal, and if one, who instituted a suit or proceedings, does not obtain what he asks for in full, he can undoubtedly prosecute an appeal. A party, in whose favor a judgment is rendered, may sue out a writ of error, and obtain a reversal for an error prejudicial to him. (*Fuller* v. *Robb,* 26 Ill. 246). If he is able to assign any error, or has not obtained all that he deems himself entitled to, he may appeal, under the statute, and where a trial is *de novo* he may appeal to secure a larger judgment or more complete relief. (*Kasting* v. *Kasting,* 47 Ill. 438). If, however, he has obtained everything that he claims, he has no adverse or appealable interest, since he cannot then call for a re-examination to rectify an erroneous decision, which is the meaning and purpose of an appeal. The rule is stated as follows in 2 Encyclopedia of Pleading and Practice, 157: 'Where the plaintiff obtains the precise relief, sought by him in the trial court, he is estopped from prosecuting an appeal from the decision awarding it. But where the judgment, although in his favor, does not afford him the relief claimed, or where he may sustain injury thereby, he may seek its reversal.' "

In the case at bar, the answer of appellant filed to the bill below, and his affidavit upon the motion for an injunction, show that he was opposed to the granting of the injunction; and it is claimed on his part in this case that the bill was solely and exclusively a bill for an injunction. It can not be said, therefore, that the decree below, denying the injunction and dismissing the bill upon appellee's motion, did not secure to the appellant everything that he claimed. The injunction, which he opposed, was denied, and the bill, which sought relief against him, was dismissed. As, there-

fore, appellant obtained everything, which he claimed, he had no appealable interest.

*Second*—It is contended, however, by the appellant that the decree below, dismissing the bill, should have been a decree dismissing it for want of equity. It is insisted by the appellant that, when appellee, the complainant below, dismissed his own bill at his own costs, he dismissed it without prejudice, and, therefore, appellant is liable to have another bill of the same character filed against him, whereas, as is claimed, if the bill had been dismissed for want of equity, another bill could not be filed. The decree below dismissing the bill does not say that it is dismissed without prejudice. But if the fact that it was dismissed without using the words "without prejudice," amounts to the same thing as a dismissal without prejudice, still the decree below was wholly in favor of the appellant.

It is true that, before entering the final order of dismissal, the court below entered an order refusing to grant the injunction, and continued for a few days the motion of the appellant to dismiss his bill. No final decree, however, settling the merits of the controversy, was entered by the court below. The order, denying the motion for an injunction, was merely an interlocutory order; and the motion to dissolve the injunction was heard upon the pleadings and affidavits. No proof other than the pleadings and affidavits was introduced upon the hearing of the motion. The appellee, the complainant below, notwithstanding the denial of the injunction, might have proceeded to take testimony and might have had a final hearing of the cause upon the merits, and upon testimony taken in the regular way in support of the merits.

The general rule is, that "the complainant may dismiss his bill at any time he may desire before a final decree has been entered in the cause." (*Gage* v. *Bailey,* 119 Ill. 539; *Reilly* v. *Reilly,* 139 id. 180). As, here, there was no final

216—20

decree entered in the cause, the present appellee had a right to dismiss his bill at his own costs at the time when he did so. In *Reilly* v. *Reilly, supra,* quoting from Daniell on Chancery Practice, this court said: "A plaintiff may move to dismiss his own bill, with costs, as a matter of course, at any time before the decree." Again, in *Mohler* v. *Wiltberger,* 74 Ill. 163, it was said: "We understand the practice to be well settled that the complainant, at any time prior to a decree, has the right, unless a cross-bill has been filed, to control the fortunes of his own bill, and dismiss it as a matter of course." The complainant may dismiss his bill even after the chancellor upon the hearing has announced his conclusions. (*Purdy* v. *Henslee,* 97 Ill. 389).

In *Reilly* v. *Reilly, supra,* referring to the case of *Purdy* v. *Henslee, supra,* we said: "On the hearing, the chancellor duly announced his conclusions, which were adverse to the complainant, and thereupon, before any formal decree was entered, complainant asked to dismiss his bill, which was granted, and the bill was dismissed against defendant's protest, but it was held, there being no cross-bill filed, the court made a proper disposition of the case." It was also held in *Reilly* v. *Reilly, supra,* that the English practice is in force in this State, except so far as it has been changed by our statute, and that, under the English chancery practice, the complainant retains the absolute control of the suit, and may dismiss it if he chooses at any time before decree actually rendered.

In *Paltzer* v. *Johnston,* 213 Ill. 338, the proofs of the respective parties had been heard, and the chancellor directed that a decree be prepared, dismissing the cross-bill for want of equity, and, thereupon, the cross-complainant moved to dismiss without prejudice, the cross-defendant insisting upon a final decree dismissing the bill for want of equity, but the chancellor denied the motion of the cross-defendant and granted the motion of the cross-complainant,

and dismissed the bill without prejudice; and upon appeal this court said: "But a single question is presented, viz., whether the chancellor erred in denying the motion of appellant for the entry of a decree *nunc pro tunc* in accordance with the oral findings and directions for a decree and in granting the motion of the cross-complainant to dismiss her cross-bill. Under the repeated decisions of this court we must hold the action of the chancellor was free from error;" and the cases of *Purdy* v. *Henslee, supra, Gage* v. *Bailey, supra,* and *Reilly* v. *Reilly, supra,* were referred to and reendorsed with the statement that "it would therefore seem that, in this State at least, the rule is well settled that, where no cross-bill has been filed, the complainant has the right, at any time before final decree, to dismiss his bill on payment of costs."

It makes no difference that the decree of dismissal, entered by the chancellor below, is to be regarded as a decree dismissing the bill without prejudice. In *Langlois* v. *Matthiessen,* 155 Ill. 230, it was held that a complainant in a bill in equity may be allowed to dismiss his suit without prejudice, after the cause has been heard on the evidence as reported by the master, and taken under advisement, where no decree has been rendered or determination made of the rights of either party, the court in that case saying: "The question presented by this record is, whether or not it is error to allow the complainant in a bill in equity to dismiss his suit without prejudice after the cause has been heard on the evidence as reported by the master, and taken under advisement. This court has repeatedly decided that the complainant may dismiss his bill at any time before decree, when no cross-bill has been filed."

Even if it were a matter of discretion with the court below as to whether or not the bill should have been dismissed without prejudice—although the rule announced in some cases that a chancellor has discretion in such matters

is not in harmony with the current of authority—there is nothing in the record here to show that there was any abuse of discretion by the trial court in permitting the bill to be dismissed without prejudice. (*Langlois* v. *Matthiessen, supra; Bates* v. *Skidmore,* 170 Ill. 233).

It has been held that the rule, that the complainant has the right to dismiss his bill without prejudice on payment of costs, is subject to the exception that such permission to dismiss a bill without prejudice may be refused, if the dismissal would work a prejudice to the other party. But "it is not regarded as prejudicial to the defendant that the complainant dismisses his own bill, simply because the complainant may file another bill for the same matter." (*Bates* v. *Skidmore, supra*). The only prejudice to his own interests, which the appellant here insists upon as likely to occur from the dismissal of the bill without prejudice, is that another bill may be filed against him for the same matter. If such were the case, there would be no such prejudice to his right under the authorities as to justify this appeal.

It is insisted by the appellant that, even if there was no error in the dismissal of the bill by the chancellor below, the Appellate Court erred in dismissing the appeal, and in not passing upon the case upon its merits, and affirming the decree of the chancellor if it should decide that such decree was correct. In other words, it is insisted that, when a case is taken to the Appellate Court, it is the duty of that court to hear and decide it; and such is ordinarily the rule. But, here, the ground, upon which the Appellate Court dismissed the appeal, is stated in the order of dismissal to be that the decree appealed from is one dismissing the bill at complainant's costs upon the complainant's own motion, and is wholly in favor of the appellant. The judgment of the Appellate Court was proper.

· For the reasons above stated the judgment of the Appellate Court is affirmed.                    *Judgment affirmed.*