## Masonic Fraternity Temple Association v. Albert Breitung.

### Gen. No. 12,940.

1. APPEAL—*from what decree, cannot be taken.* An appeal from a decree which is as favorable to the appellant as any which could be rendered under the prayer of his bill, will be dismissed on motion.

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1906. Appeal dismissed. Opinion filed January 21, 1907.

ALLEN G. MILLS, for appellant.

DEFREES, BRACE & RITTER, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This appeal must be dismissed in accordance with the motion of the appellee to that effect heretofore made and reserved until the hearing. The bill and supplemental bill filed by appellee against appellant in the court below were for an injunction. No other prayer appears in the bills. The only ordering part of the decree appealed from is that "the prayer of said bill of complaint and supplemental bill of complaint be and the same are denied, and the bill and supplemental bill be dismissed for want of equity."

So far as the ultimate result goes, the appellant could have no more favorable decision if it should litigate a thousand years. The ordering part of the decree was wholly in its favor and it has nothing to ap-

peal from. Hedges v. Mace, 72 Ill. 472; Williams v. Breitung, 216 Ill. 299.

A party may appeal from a judgment in his favor if the court does not give him by its order all he claims he is entitled to; but we know of no rule that justifies an appeal merely from the findings of a decree when all that the appellant has claimed has been given him by the decretal order. The only recital or finding which seems to us relevant in the decree appealed from is this: "It appearing to the court that said defendants, its officers, agents and employes, do not contemplate or intend making any lease or leases for any of the premises in said Masonic Temple Building which permits the sale or display at retail of cigars and tobaccos therein during the term of said lease to complainant, nor consent to the assignment of any lease or leases for such purpose during said period." Everything else but the actual ordering part of the decree is immaterial, and surplusage. The other findings do not support the decree and have no proper place therein. They in no manner justify the ordering part of the decree, which is the purpose of findings.

Even the recital which we have mentioned as relevant was unnecessary, both because a certificate of evidence was preserved and because the dismissal of a bill for want of equity is an exception to the rule which requires the decretal order to be supported by the evidence preserved in certificate or in findings. First National Bank v. Baker, 161 Ill. 281.

As this court said in the opinion in McNicholas et al. v. Tinsler et al., 127 Ill. App. 381: "The mere reasons given by the court, either in opinion or decree, for its action, are not of importance in determining our action. They may be wrong and the order nevertheless, be right. In that case we must affirm it."

If the order in this case is not right, the appellant cannot complain of it. It is what it asked and all it asked.

"The right of appeal depends upon whether the appellant is in a legal sense aggrieved, and that must be determined by considering, not upon what grounds the chancellor has proceeded, but what effect his action has upon the claims of the appellant." Mutual Life Ins. Co. v. Sturges, 33 N. J. Eq. 328, 331, incorporated into the text by Beach in his work on Modern Equity Practice, Vol. 2, section 918.

We do not deem it necessary to discuss the superfluous and immaterial findings of the decree in this case. Because the appellant corporation had no right to appeal, the appeal is dismissed.

*Appeal dismissed.*