THE PEOPLE *ex rel.* John A. McClintock, County Collector, Appellee, *vs.* E. DILLON *et al.* Appellants.

*Opinion filed December 17, 1912.*

TAXES—*when property owners cannot appeal from order denying judgment of sale.* An order of the county court sustaining one of the objections of the property owners and denying judgment and order of sale for a delinquent special assessment, the ground of the objection sustained being that the application for judgment was prematurely made, is a judgment in favor of the property owners, and they cannot appeal therefrom on the ground that the court overruled their other objections because they could not at that time be adjudicated.

APPEAL from the County Court of Franklin county; the Hon. THOMAS J. LAYMAN, Judge, presiding.

W. F. DILLON, for appellants.

A. H. BAER, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Franklin county, rendered in a proceeding upon the application of the county collector of said county for judgment and order of sale of certain lands and lots of the appellants for the payment of the first installment of an assessment levied under the Local Improvement act for an improvement known as paving district No. 1 in the city of Benton. Appellants objected to the judgment and order of sale of their property, and filed twelve written objections stating the reasons why the judgment and order of sale of their property should not be entered. The fifth objection was: "There is no assessment and no installment of any assessment delinquent, for the reason that no certificate of the cost and final completion of the work has been filed by the board of local improvements, as required by section 84 of the Local Improvement act." This objection was sustained and judgment denied. The judgment reads: "The court being fully advised in the premises, sustains objection No. 5 of said objectors to the first installment of paving district No. 1, city of Benton, Illinois, and denies judgment, but overrules other objections at this time for the reason that application for judgment was prematurely made and said other objections cannot be at this time adjudicated." The objectors excepted to the judgment of the court overruling the objections other than No. 5, and have prosecuted this appeal from the judgment of the county court of Franklin county.

The judgment was in appellants' favor. All the county collector asked for was a judgment against the appellants' property for an alleged delinquent assessment and an order for its sale. The court refused the application and denied judgment on the ground that the application was prematurely made because no certificate of the cost and final completion of the work had been filed by the board of local improvements, as required by law, which was the basis of

the fifth objection. This judgment cannot be complained of by the appellants, and they had no right to prosecute an appeal therefrom because it was in their favor and gave them the only relief asked for,—a denial of judgment and order of sale of their property. (*Gray* v. *Jones,* 178 Ill. 169.) The court did not pass upon the merits of the other objections for the reason, as appears from the recitals in the judgment, that, like the application for the judgment, they were premature, and could not be adjudicated until after a certificate of the cost and final completion of the work had been filed by the board of local improvements. For this reason they were overruled. Sustaining the fifth objection rendered necessary a judgment denying the application of the collector for judgment and order of sale of the property, and appellants cannot complain because other reasons might have been recited in the judgment for denying the application if there had been other valid reasons for denying it.

The appeal is therefore dismissed.

*Appeal dismissed.*