## Max Frank, Appellee, v. The Chicago, Milwaukee & St. Paul Railway Company, Appellant.

## Gen. No. 5,885.

1. COURTS, § 121*—*when both parties cannot appeal to different courts.* Where each party is entitled to an appeal and there are different courts to which the appeal might be taken, the party who first perfects the appeal to a particular court thereby carries the entire case to that court, and the other party, if he appeals, must then appeal to same court.

2. JUSTICES OF THE PEACE, § 174*—*what court has jurisdiction where both parties appeal to different courts.* Where the plaintiff in a suit before a justice of the peace recovered a judgment for all he asked and all the justice could give him, and a judgment for all the costs, and perfected an appeal to a city court and the defendant subsequently perfected an appeal to the Circuit Court, *held* that the plaintiff had no appealable interest entitling him to an appeal to any court, and that the only appeal which conferred jurisdiction was the appeal to the Circuit Court by the defendant.

---

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Kane county; the Hon. C. F. Irwin, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed April 15, 1914.

Russell & McNerney, for appellant.

R. H. Kramer, for appellee.

Mr. Presiding Justice Whitney delivered the opinion of the court.

Max Frank, appellee, sued appellant before a justice of the peace on a demand for two hundred dollars, and had service and the appellant appeared and there was a trial and appellee had judgment for two hundred dollars, and thereafter filed an appeal bond, which was approved, to take the case to the city court of Elgin, and afterward's during the time allowed by law for appeals, appellant filed an appeal bond to appeal the case to the Circuit Court of Kane county, and that was approved and a transcript and the proper papers were filed in the Circuit Court and appellee appeared there and moved to dismiss the appeal. There was a hearing of the motion and the appeal was dismissed at the costs of appellant, and the case comes here on appeal for review.

It is the law that where each party is entitled to an appeal in such a case and there are different courts to which the appeal might be taken, the party who first perfects the appeal to a particular court thereby carries the entire case to that court, and the other party, if he appeals, must then appeal to the same court. It is also the law that a party who has obtained all of the relief which he can possibly receive has no appealable interest, and cannot appeal at all. *Gray v. Jones,* 178 Ill. 169; *Williams v. Breitung,* 216 Ill. 299.

In this case appellee had a judgment for all that he asked and for all that a justice of the peace could give him, and a judgment for all his costs. It is suggested that possibly appellee desired a judgment for lien as

a laborer. No papers filed by him and nothing in the transcript of the justice indicate that he made any such claim, nor did he on his motion to dismiss the appeal show that he had, or that he made any such claim. We are therefore of the opinion that appellee had no appealable interest and that he could not appeal to any court, and therefore that the only appeal which conferred jurisdiction was the appeal to the Circuit Court by appellant, and that the court below erred in dismissing that appeal.

*Reversed and remanded.*