### Henry M. Posner et al., Plaintiffs in Error, v. Nandor Wechter et al., Defendants in Error.

#### Gen. No. 37,421.

Opinion filed July 2, 1934. Rehearing denied July 12, 1934.

WILHARTZ, HIRSCH & SCHANFARBER, for plaintiffs in error; SAMUEL E. HIRSCH and J. S. GREENBERG, of counsel.

SLOTTOW & LEVITON, for defendant in error Joseph Lichtenstein; CHARLES LEVITON and DAVID PALEY, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiffs in the trial court have sued out this writ of error to reverse a judgment in their favor rendered upon default of certain defendants upon the motion of plaintiffs. The cause is here upon the common law record. Defendants heretofore filed a motion to dismiss the suit upon the ground that plaintiffs induced the court below to commit the error complained of and have ratified and confirmed the judgment causing an execution and afterward a citation to issue thereon. This motion was denied. A former writ of error sued out in this court was dismissed because of the failure of plaintiffs to secure services upon all defendants in error within the time provided by the rules of this court. Prosecution of that writ was, of course, no bar to the prosecution of this one.

The suit was based, as the statement of claim shows, upon a written agreement under seal, whereby nine defendants, in consideration of an extension granted, agreed to pay certain notes and coupons. The statement of claim averred that there was due under this agreement $10,780.

Summons issued September 24, 1932, against nine of the defendants and eight of them were served. One of these defendants, Lichtenstein, filed an appearance and affidavit of merits. The other defendants who were served failed to file an appearance, and on March 22, 1933, on motion of plaintiffs, judgment was entered against them by default for the full amount of the demand. It is conceded that it was error to render judgment against only a part of the defendants served, and that defendants under the practice then existing

in this State could sue out a writ of error and reverse the judgment. It is the law that a plaintiff in whose favor a judgment is entered may sue out a writ and assign error upon the entry of the judgment, and if the error is well assigned the judgment will be reversed. *Johnson v. Jebb*, 3 Burr. 1772. Tidd's Practice, with American notes (1856), vol. 2, ch. 44, sec. 1134. That the rule is applicable in a case like this, where a plaintiff suing on a joint contract or obligation has inadvertently taken a judgment against only a part of the defendants served which might be reversed by them or any one of them and which would also bar another suit, was held in *Davidson v. Bond*, 12 Ill. 84. It seems to be precisely in point. The court there said:

"Here there was an error, for which the defendants might, at any time within five years from the rendition of the judgment, bring the case to this court, and have the judgment reversed. And while this is the case, it is not an open question in this court, since the decisions in the cases of *Teal v. Russell et al.*, 2 Scam. 319, and *Jones v. Wright et al.*, 4 Scam. 388, that the plaintiffs may bring the record here, and rid themselves of a judgment, which while it presents a bar to their obtaining a regular one, still affords them no sufficient security."

In Illinois Appellate Procedure Forms, Dodd and Edmunds, sec. 64, p. 84, the authors state:

"The common instances where review may be sought even though the judgment or decree be in the party's favor are (1) where the judgment is for less than it ought to be; (2) where joint obligations are involved and judgment is in favor of plaintiff against some of the defendants, and in favor of other defendants against plaintiff; (3) where there is some jurisdictional or other irregularity in the judgment which would make it ineffective in the future as a security to the party in whose favor it was rendered." As sus-

taining the statement of the text *Fuller v. Robb,* 26 Ill. 246; *Thayer, Aldrich & Co. v. Finley,* 36 Ill. 262; *Hartman v. Belleville & O. R. Co.,* 64 Ill. 24; *Frost v. Howard,* 81 Ill. 602; *Kingsland v. Koeppe,* 137 Ill. 344; *Wellington v. Wellington,* 137 Ill. App. 394, are cited. The cases in which a plaintiff in whose favor a judgment has been entered may appeal or prosecute a writ of error are discussed in *Williams v. Breitung,* 216 Ill. 299, and one of the classes of cases mentioned is that in which in an action brought on a joint contract the judgment was erroneously rendered against only a part of the defendants. See also notes to that case in American and English Annotated Cases, vol. 3, p. 510. Defendants cite *Borden v. Croak,* 131 Ill. 68; *Chicago & N. W. Ry. Co. v. West Chicago Park Com'rs,* 151 Ill. 204; *Essroger v. City of Chicago,* 185 Ill. 420; *People v. Buconich,* 277 Ill. 290; *McDonald v. Shimeall,* 282 Ill. 42; *Kellner v. Schmidt,* 328 Ill. 426; *National Malleable Castings Co. v. Iroquois Steel & Iron Co.,* 333 Ill. 588; *Western Springs Park Dist. v. Lawrence,* 343 Ill. 302; which lay down the undoubted general rule that a party who has induced the court to make an error or acquiesced in it when made, or requested that it be made, cannot be heard to assign error. There is no doubt these cases state the general rule in this respect. The cases upon which plaintiff relies lay down an exception to that rule. The theory upon which the exception is based does not seem to be discussed in the cases. We may, however, suggest that since the writ of error was originally a writ "issuing out of chancery" (see Tidd's Practice, vol. 2, sec. 1134, p. 1133) the doctrine may be based upon equitable principles.

In conformity with the authorities, the judgment of March 22, 1933, will be reversed and the cause remanded.

*Reversed and remanded.*

O'CONNOR, P. J., and McSURELY, J., concur.