Benjamin G. Kilpatrick, Appellee, v. Joseph Schmitt et al., Defendants, and Florence M. Woolley and William P. Doerr, Appellants.

Gen. No. 40,576.

Heard in the third division of this court for the first district at the February term, 1939. Original opinion filed October 25, 1939 and rehearing opinion filed December 13, 1939.

ELA, GROVER & MARCH, of Chicago, for appellants; LYLE H. ROSSITER, of Chicago, of counsel.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for appellee.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This cause was before this court on a former appeal from an order vacating the first sale of certain premises. An opinion was filed on May 11, 1938, in said cause, being Gen. No. 39,907, 295 Ill. App. 620 (Abst.), dismissing the appeal for want of jurisdiction as no final order had been entered and no showing of damages had been made by the parties bringing the appeal. The facts presented for our consideration at this time are substantially the same as on the former appeal.

Intervening petitioners, Florence M. Woolley and William P. Doerr, bring this appeal from the superior

court and complain of the action of that court in denying their petition to vacate an order denying the prayer of their petition. The petition sought to have the court set aside an order to vacate the sale of certain premises at a foreclosure held by plaintiff.

The following statement of the case made by petitioners is agreed upon as being a fair statement. Some modifications have been made by the court, conforming to the facts.

Pursuant to the decree of foreclosure, the master in chancery held a sale of foreclosure on November 5, 1936, at which sale the highest bidder was Saul Plast who bid $15,600. The sale was approved by a court order entered on July 7, 1937, and certificate of sale issued to the buyer. Thereafter this sale was set aside and the order of July 7, 1937, approving the same was also set aside, both by court order dated October 8, 1937, and the purchase money ordered returned to the certificate holder and a new sale ordered. A second sale was held on July 15, 1938, at which a bid of $40,000 was made by Joseph Walhala, and approved on September 8, 1938. Florence M. Woolley and William P. Doerr who say they own all of the fee except 3/16 of the fee for the use of Esther Levy, and who also say that they are not liable as mortgagors, bring this appeal to reverse the orders of the superior court entered September 8, 1938 to vacate the sale of July 15, 1938, to reverse the order of October 8, 1937, and to reaffirm the order of July 7, 1937, so that the first sale will stand. Appellants request a reasonable time within which to exercise their right to redemption from said first sale.

It is agreed that the detail of the facts and the proceedings in chronological order with regard to this case are as follows:

On December 7, 1932, Benjamin G. Kilpatrick, as successor trustee on behalf of the holders of first mortgage bonds, executed by Joseph Schmitt and his wife,

aggregating an indebtedness of approximately $154,000 and secured by trust deed conveying real property located in Chicago, Illinois, at 5510–12 Cornell avenue, otherwise known as the Cornell hotel, filed his bill of complaint in chancery to foreclose the lien of said trust deed because of defaults in the payment of interest and certain principal prepayments.

A decree of sale was entered June 6, 1936. On November 5, 1936, Saul Plast bid $15,600 at the master's sale, and this was approved by an order of court dated July 7, 1937.

On August 6, 1937, one Helen Wells, by her attorneys, after due notice to all attorneys of record, filed a sworn petition alleging she was the owner of $6,000 of bonds secured by the Cornell hotel property, that the premises were worth $60,000 gross, that delinquent taxes amounted to $25,000 and that a bid of $15,600 over and above the amount of delinquent taxes was inadequate; that she would bid $25,000 if the sale of November 5, 1936 was set aside, and to guarantee said bid, offered to deposit $1,000 with the master in chancery to be forfeited if she failed to make a bid of at least $25,000. This motion was entered and continued to September 13, 1937, without further notice, and on September 13, 1937, the motion was again continued to September 17, 1937. On September 17, 1937, the motion was continued to October 15, 1937.

On October 8, 1937, an order was entered purporting to be on the petition of said Helen Wells, vacating the order of July 7, 1937, approving the master's report of sale, and setting aside the sale of November 5, 1936. The order of October 8, 1937 also provided that the purchase money of $15,600 should be repaid to the holder of the certificate of sale on surrender of said certificate and that said master resell said premises.

On October 13, 1937, said Helen Wells filed a petition to set aside and vacate the order of October 8, 1937, and to reinstate the sale and order approving

it. This petition was denied by the court on the day it was presented.

On October 20, 1937, appellants filed a sworn petition alleging ownership of the fee title to the property which they claimed they obtained from one Herbert W. Schmitt, a bachelor; that on May 6, 1937 by quitclaim deed an undivided $\frac{1}{8}$ of said fee title was conveyed to William P. Doerr and on June 16, 1937 by quitclaim deed said Herbert W. Schmitt conveyed an undivided $\frac{7}{8}$ fee title to Florence M. Woolley, of which 11/16 is held for her own use and benefit and 3/16 for the use and benefit of Esther H. Levy.

Petitioners further claim that the order of October 8, 1937 had been entered without notice in violation of rule 16 of the superior court rules and that the petition of Helen Wells, dated August 6, 1937, stated no legal grounds on which to vacate a sale; that appellants desired to redeem the property from the sale and prayed the sale be reinstated and the order of October 8, 1937 be vacated.

As before stated an appeal was taken to this court, being Gen. No. 39,907, wherein an opinion was filed by this court on May 11, 1938, and said appeal was dismissed for want of a final and appealable order.

The appellants' or interveners' theory of the case is, that when the court approved the first sale, the rights of the parties to the litigation became fixed and could not be upset without a clear showing of fraud, accident or mistake in the sale, or in procuring the approval of the sale; that since no attempt was ever made by anyone to show any fraud, accident or mistake, it was error to vacate the sale of $15,600, regardless of how much more some offer 10 months later might be. Since appellants are owners of the right of redemption, but not liable for the payment of the deficiency judgment, the vacation of the first sale and approval of the second sale destroys the equity of redemption for practical purposes, or, at least, reduced

its value $24,600. This is inequitable and contrary to the established law of Illinois.

We have made a diligent search of the record and it appears that on June 3, 1936, a decree of sale was entered and pursuant to the provisions thereof a public sale was held on November 5, 1936, at which time the premises were sold to Saul Plast for $15,600. On May 6, 1937, Herbert W. Schmitt, the then owner of the equity of redemption conveyed ⅛ of the property by quitclaim deed to William Doerr, one of the appellants, and on June 16, 1937, Herbert W. Schmitt conveyed ⅞ of the property by quitclaim deed to Florence M. Woolley the other appellant. No appearance was entered for these petitioners. We do not see how they were injured by the sale of property which was deeded some six or seven months before they even claimed to own it or have any interest in it. However, on July 15, 1937, they filed a petition asking that the order of confirmation be vacated because the purchaser had not paid the balance of the purchase price. When the purchaser paid the balance of the purchase price the petition was withdrawn. No formal appearance was entered or appearance fee paid by the appellants, nor was there any request that notice of motions be served upon their attorneys. Intervening petitioners as claimed owners of the equity asked in their petition, among other things, that a new sale be had. This request was granted by the court and intervening petitioners, appellants here, are now estopped from claiming error on the part of the trial court for having done that which they had requested it to do.

On August 6, 1937, one Helen Wells filed a petition setting forth that the sale price was grossly inadequate; that she was prepared to bid $25,000 for the property and to deposit $1,000 to guarantee the bid. The petition of Helen Wells was filed by order of court with leave granted to the parties to answer the petition within 30 days, and so far as we have been able

to discover no answer was ever filed or objection made to this petition. The hearing on this petition was continued several times, the last being continued to October 15, 1937.

On October 8, 1937, an order was entered which vacated the order of July 7, 1937 approving the master's report of sale and setting aside the sale of November 5, 1936 and which provided for the return of the purchase money to the holder of the certificate of sale. This order was approved by the attorneys for the plaintiff and the attorney who represented the purchaser and no one else.

On October 13, 1937, Helen Wells filed another petition alleging that she had previously filed a petition to set aside said order of confirmation of the sale; that an order was entered October 8, 1937, vacating the sale, which order was entered without notice to her and that she now wishes to withdraw her petition of August 6, 1937 and to vacate the order of October 8, 1937. The court entered an order denying the relief prayed. No complaint is made by Helen Wells of this action.

When Helen Wells filed her original petition an order was entered granting leave to all parties to answer said petition within 30 days. The appellants filed no answer in opposition to the petition of Helen Wells, although they had been served with notice of the petition. The record does not disclose that anyone filed an answer in opposition to this petition to vacate the sale of November 5, 1936. The only person who could complain of the order of October 8, 1937, was Helen Wells and she has not appealed. Inasmuch as she obtained the relief she sought, doubtless she realized that she could not sustain an appeal from an order when she had obtained the relief asked. *Williams v. Breitung,* 216 Ill. 299; *Gray v. Jones,* 178 Ill. 169.

It might be said in passing that in all of the various petitions which were filed, no order was requested or

entered by the court to make an issue thereon by ruling the interested parties to answer. One of the benefits of our system of common law pleading, in the main adopted by our Civil Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 1 *et seq.;* Jones Ill. Stats. Ann. 104.001 *et seq.*], is that an issue shall be made by pleadings, to which evidence may be introduced. Otherwise, when evidence is offered it becomes very difficult to determine upon what theory, or as to what allegations or denials it is presented.

We wish at this time to reiterate that which we said when this cause was before this court on the former appeal, namely: "No certificate of evidence was presented and we must presume that the trial court had sufficient before it to justify the action taken by said court. It was the duty of the court to get the best price possible for this property and if in the court's discretion it appeared possible to obtain $50,000 at the sale instead of the $15,600 for which the property was sold, and the purchaser consented to this, no one could have been injured thereby, neither the bondholders nor the owners of the equity."

In the instant case no certificate of evidence or report of all the proceedings is presented to us, so that we must indulge the trial court in the presumption that there was sufficient evidence produced at the hearings to convince the court that the order he entered was proper and that he was meting out justice as between the parties. In addition to this we do not see how the plaintiffs-appellants can complain when the purchaser of the property consented to the entering of the order setting aside the sale.

It is admitted and quite apparent, that the only purpose of the appellants here is to have the original sale of the premises by the master for the sum of $15,600 reinstated, so that they may redeem the premises at a less sum than they would have to pay were this not done. The equity of their claim does not appeal to a

court of equity. The record does not show how much they paid for their so-called fee in the transfer to them, nor does it show any loss by them by reason of the court's action, but the record does show that there are approximately $154,000 represented by bondholders who invested their money and purchased the bonds for the building of this hotel. Necessarily their interests were in the mind of the trial judge when he was attempting to obtain in the sale of this property an amount somewhere near the approximation of its value. As before stated the purchaser at the first sale consented and accepted the return of his money, so we cannot see how appellants are injured.

Inasmuch as this record shows no rights or equities of the appellants which have been denied to them, we think the action of the chancellor was correct and therefore the orders and decree are hereby affirmed.

*Orders and decree affirmed.*

HEBEL and BURKE, JJ., concur.

### ON REHEARING.

On a petition for a rehearing which was filed in this court, we have re-examined the points made by the appellants as to law and the facts. Appellants contend in their point 8, that an error was made in the opinion heretofore filed. In our former opinion on page 7, paragraph 2, line 6, the words, "plaintiffs-appellants" appear, whereas, this should have read "Florence M. Woolley and William P. Doerr." To that extent the original opinion is modified.

As to the other points raised in the petition for rehearing this court has decided to adhere to its former opinion filed herein on October 25, 1939.

*Affirmed as modified.*

HEBEL and BURKE, JJ., concur.